## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **TEXAS REIT, LLC** | § | **CASE NO.   24-10120-smr** |
| | § | |
| **Debtor.** | § | **CHAPTER 11 (Bankr. WDTX)** |
| | § | |

| | | |
|---|---|---|
| **WCW HOUSTON PROPERTIES, LLC** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiffs,** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **vs.** | § | **151ST JUDICIAL DISTRICT** |
| | § | |
| | § | **CAUSE NO. 2017-35320** |
| **TEXAS REIT, LLC, ET AL** | § | |
| | § | |
| **Defendants,** | § | |
| | § | |

### NOTICE OF REMOVAL OF CIVIL ACTION
### PURSUANT TO 28 U.S.C. §§ 1334 AND 1452

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES **WCW HOUSTON PROPERTIES, LLC,** ("WCW") and files this Notice of Removal of Civil Action Pursuant to 28 U.S.C. §§ 1334 and 1452, (the "Removal Petition") under the provisions of 28 U.S.C. §§ 1334 and 1452, and Rule 9027 of the Bankruptcy Rules. WCW anticipates promptly filing a motion to transfer this case to the United States Bankruptcy Court for the Western District of Texas, Austin Division, where Texas Reit, LLC's ("Defendant or "Debtor") chapter 11 bankruptcy is pending.  WCW would show as follows:

1.      This removal involves a civil action that was commenced in 2017 in the 151st Judicial District Court of Harris County, Texas in Cause No. 2017-CI-35320, styled *WCW Houston Properties, LLC Plaintiff v. Texas Reit, LLC, et al.  Defendants.*  ("State Court Action").  An index

1

of the state court file and a copy of the state court file is attached hereto as **Exhibit A**.

2.      Venue of this removal action is appropriate in that the proceeding is being removed from the 151st Judicial District Court of Harris County, Texas which is located in the Southern District of Texas.

3.      The State Court Action may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1334 and 1452(a), because the causes of action arise under Title 11, arise in or are related to a case under Title 11.  This matter is a core proceeding pursuant to 28 U.S.C. § 157 including 157(b)(2)(K) ("determinations of the validity, extent, or priority of liens").

4.      This notice of removal is filed within thirty (30) of the order granting stay relief to WCW that precluded WCW from proceeding with its claims, and therefore, is timely filed pursuant to the provisions of Rule 9027 of the Bankruptcy Rules.

5.      Promptly after the filing of this Removal Petition, pursuant to Rule 9027(c) of the Bankruptcy Rules, WCW will file a Notice to State Court of Removal with the 151st   Judicial District Court of Harris County, Texas in Cause No. 2017-CI-35320.

6.      WCW hereby expressly states that it consents to the entry of final orders or a final judgment by the bankruptcy judge in this proceeding if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

7.      All Defendants have been served with process.  The names and addresses of the parties of record in this matter are as follows:

ARCHITECTURAL SERVICES INTERNATIONAL INC
WCW HOUSTON PROPERTIES, LLC
Attn:  Kevin Powers
2 Houston Center
909 Fannin, Suite 2630
Houston, TX 77010

TEXAS REIT LLC
1001 West Loop South, Suite 700
Houston, Tx 77027

TEXAS REIT LLC (TEXAS CORPORATION)
Attn: Servicing Agent
2500 West Loop South Suite 255
Houston, Tx 77027

STEPHEN WU
THE WU FAMILY TRUST
WU PROPERTY MANAGEMENT
3657 Briarpark Dr #700
Houston, TX 77042

RODEXKIA HOLDING LLC
2221 S Voss Rd
Houston, TX 77057

LEIM DANG
9518 Shadow Gate Ln
Houston, Tx 77040

PORTER & POWERS LLC
2221 S Voss Rd
Houston, TX 77057

TODD A CARLSON
3773 Richmond Ave, Ste 800
Houston, Tx 77046

BRAD E PORTER
2221 S. Voss Road
Houston, TX 77057

DAVID L SMITHERMAN, DAVID
2221 S Voss Rd
Houston, TX 77057

KEVIN POWERS
2 Houston Center
909 Fannin, Suite 2630
Houston, TX 77010

DALIO HOLDINGS I LLC
DALIO HOLDINGS II LLC
1675 S. State Street, Suite B
Dover, De 19901

ROBERT W. BERLETH
Receiver
510 Bering Dr
Houston, TX 77057

WHEREFORE, WCW gives notice that the State Court Action, presently pending in the

151st Judicial District Court of Harris County, Texas in Cause No. 2017-CI-35320, has been

removed to the United States Bankruptcy Court for the Southern District of Texas, Houston

Division.

Dated: July 5, 2024                              Respectfully submitted,

                                                 */s/ Eric Terry*
                                                 **Eric Terry**
                                                 Texas Bar No.  00794729
                                                 **Tom A. Howley**
                                                 Texas Bar No.  24010115
                                                 HOWLEY LAW PLLC
                                                 700 Louisiana St., Suite 4545
                                                 Houston, Texas 77002
                                                 Telephone:  713-333-9125
                                                 Email:  tom@howley-law.com
                                                 Email:  eric@howley-law.com

                                                 -and-

                                                 **Kevin Powers**
                                                 Texas Bar No. 24041715
                                                 BURFORD PERRY LLP
                                                 2 Houston Center
                                                 909 Fannin, Suite 2630
                                                 Houston, TX 77010
                                                 Telephone: 713-401-9790
                                                 Email : kpowers@burfordperry.com

                                                 ***Counsel to WCW Houston Properties, LLC***

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that true and correct copy of the above and foregoing (without exhibit A) was sent on this 5th day of July 2024 via U.S. First Class Mail to:

*/s/ Eric Terry*

ARCHITECTURAL SERVICES INTERNATIONAL INC
WCW HOUSTON PROPERTIES, LLC
Attn: Kevin Powers
2 Houston Center
909 Fannin, Suite 2630
Houston, TX 77010

TEXAS REIT LLC
1001 West Loop South, Suite 700
Houston, Tx 77027

TEXAS REIT LLC (TEXAS CORPORATION)
Attn: Servicing Agent
2500 West Loop South Suite 255
Houston, Tx 77027

STEPHEN WU
THE WU FAMILY TRUST
WU PROPERTY MANAGEMENT
6100 Corporate Drive, Ste 288
Houston, Tx 77036

RODEXKIA HOLDING LLC
1776 Yorktown, Ste 300
Houston, Tx 77056

LEIM DANG
9518 Shadow Gate Ln
Houston, Tx 77040

PORTER & POWERS LLC
5900 Memorial Dr, Ste 305
Houston, Tx 77007

TODD A CARLSON
3773 Richmond Ave, Ste 800
Houston, Tx 77046

BRAD E PORTER
2221 S. Voss Road
Houston, TX 77057

DAVID L SMITHERMAN, DAVID
1776 Yorktown, Ste 300
Houston, Tx 77056

KEVIN POWERS
Attn: Kevin Powers
2 Houston Center
909 Fannin, Suite 2630
Houston, TX 77010

DALIO HOLDINGS I LLC
DALIO HOLDINGS II LLC
1675 S. State Street, Suite B
Dover, De 19901

ROBERT W. BERLETH
Receiver
510 Bering Dr
Houston, TX 77057

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TEXAS REIT, LLC | § | CASE NO.  24-10120-smr |
| | § | |
| Debtor. | § | CHAPTER 11 |
| | § | |

| | | |
|---|---|---|
| WCW HOUSTON PROPERTIES, LLC | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | HARRIS COUNTY, TEXAS |
| | § | |
| vs. | § | 151ST JUDICIAL DISTRICT |
| | § | |
| | § | CAUSE NO. 2017-35320 |
| TEXAS REIT, LLC, ET AL | § | |
| | § | |
| Defendants, | § | |
| | § | |

## INDEX OF STATE COURT DOCUMENTS FROM THE 151st JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS IN CAUSE NO. 2017-CI-35320[1]

| | Document | Date |
|---|---|---|
| 1. | Plaintiff's Original Petition | 5/25/2017 |
| 2. | Civil Case Information Sheet | 5/25/2017 |
| 3. | Civil Process Request | 5/25/2017 |
| 4. | Exhibit 01 | 5/25/2017 |
| 5. | Exhibit 02 | 5/25/2017 |
| 6. | Civil process pick-up form | 5/30/2017 |
| 7. | Citation Corporate | 7/12/2017 |
| 8. | Notice of Intent to Dismiss (No Service/Answer) | 10/10/2017 |
| 9. | Citation | 10/23/2017 |

[1] The following represents a listing of the entire court file.  Due to the volume, counsel will work with the court clerk to arrange for the entire proceeding to be transferred in a manner that is acceptable to the court. Attached hereto are all process and pleadings.

| 10. | Plaintiff's First Amended Petition | 10/25/2017 |
|---|---|---|
| 11. | Exhibit A | 10/25/2017 |
| 12. | Exhibit B | 10/25/2017 |
| 13. | Exhibit C | 10/25/2017 |
| 14. | Motion for Entry of Default Judgment | 10/26/2017 |
| 15. | Exhibit A | 10/26/2017 |
| 16. | Exhibit B | 10/26/2017 |
| 17. | Exhibit B-01 | 10/26/2017 |
| 18. | Exhibit B-02 | 10/26/2017 |
| 19. | Proposed Default Judgment | 10/26/2017 |
| 20. | First Amended Notice of Hearing by Submission | 11/20/2017 |
| 21. | Plaintiff's Motion to Retain | 11/20/2017 |
| 22. | Proposed Order Granting Motion to Retain | 11/20/2017 |
| 23. | Defendant's Original Answer | 12/5/2017 |
| 24. | DOCKET CONTROL/PRETRIAL ORDER SIGNED | 1/3/2018 |
| 25. | Plaintiff's Motion for Substitution of Parties and Substitution of Counsel | 5/16/2018 |
| 26. | Notice of Submission | 5/16/2018 |
| 27. | Proposed Order Granting Plaintiff's Motion for Substitution of Parties and Counsel | 5/16/2018 |
| 28. | Plaintiff's Supplemental Motion for Substitution of Parties and Substitution of Counsel | 5/24/2018 |
| 29. | ORDER SIGNED SUBSTITUTING ATTORNEY OF RECORD | 5/28/2018 |
| 30. | ORDER SUBSTITUTING PARTIES SIGNED | 5/28/2018 |
| 31. | Cross Plaintiff's Original Petition and Verified Application for Temporary Restraining Order and for Temporary nd Permanent Injunctions | 5/31/2018 |
| 32. | Exhibit A | 5/31/2018 |
| 33. | Proposed Order on Cross Plaintiff's Original Petition and Verified Application for Temporary Restraining Order and for Temporary nd Permanent Injunctions | 5/31/2018 |
| 34. | ORDER SETTING BOND SIGNED | 5/31/2018 |
| 35. | ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER | 5/31/2018 |
| 36. | ORDER SIGNED SETTING HEARING | 5/31/2018 |
| 37. | Plaintiff's Second Amended Petition | 5/31/2018 |
| 38. | Exhibit A | 5/31/2018 |
| 39. | Exhibit B | 5/31/2018 |
| 40. | Exhibit C | 5/31/2018 |
| 41. | Exhibit D | 5/31/2018 |
| 42. | Exhibit E | 5/31/2018 |
| 43. | Clerks certificate of cash deposit in lieu of injunction bond per order of the court | 6/1/2018 |
| 44. | Motion to Extend the Temporary Restraining Order | 6/7/2018 |

| 45. | Plaintiff's Original Petition | 5/25/2017 |
| 46. | Plaintiff's Motion to Dissolve Temporary Restraining Order | 6/7/2018 |
| 47. | Proposed Order Dissolving Temporary Restraining Order | 6/7/2018 |
| 48. | Proposed Order Granting Motion to Extend the Temporary Restraining Order | 6/8/2018 |
| 49. | Letter regarding Order | 6/8/2018 |
| 50. | Plaintiff's Supplement to Its Motion to Dissolve Temporary Restraining Order | 6/8/2018 |
| 51. | Notice of Hearing | 6/8/2018 |
| 52. | Amended Notice of Hearing | 6/11/2018 |
| 53. | Plaintiff's Third Amended Petition | 6/12/2018 |
| 54. | Exhibit A | 6/12/2018 |
| 55. | Exhibit A | 6/12/2018 |
| 56. | Exhibit B | 6/12/2018 |
| 57. | Exhibit C | 6/12/2018 |
| 58. | Exhibit D | 6/12/2018 |
| 59. | Exhibit E | 6/12/2018 |
| 60. | Exhibit F | 6/12/2018 |
| 61. | Exhibit H | 6/12/2018 |
| 62. | Verification | 6/12/2018 |
| 63. | Plaintiff's Emergency Motion to Compel Discovery | 6/19/2018 |
| 64. | Exhibit 01 | 6/19/2018 |
| 65. | Exhibit 02 | 6/19/2018 |
| 66. | Exhibit 03 | 6/19/2018 |
| 67. | Exhibit 04 | 6/19/2018 |
| 68. | Exhibit 05 | 6/19/2018 |
| 69. | Exhibit 06 | 6/19/2018 |
| 70. | Exhibit 07 | 6/19/2018 |
| 71. | Exhibit 08 | 6/19/2018 |
| 72. | Exhibit 09 | 6/19/2018 |
| 73. | Exhibit 10 | 6/19/2018 |
| 74. | Exhibit 11 | 6/19/2018 |
| 75. | Proposed Order Compelling Production | 6/19/2018 |
| 76. | Emergency Motion to Shorten Notice Period | 6/19/2018 |
| 77. | Proposed Order | 6/19/2018 |
| 78. | Response to Motion to Shorten Notice Period | 6/20/2018 |
| 79. | Amended Response to Motion to Shorten Notice Period | 6/20/2018 |
| 80. | Exhibit A | 6/20/2018 |
| 81. | Exhibit B | 6/20/2018 |
| 82. | Notice of Hearing | 6/20/2018 |
| 83. | ORDER GRANTING MOTION TO SHORTEN TIME SIGNED | 6/20/2018 |
| 84. | Response to Motion to Compel | 6/25/2018 |
| 85. | Notice of Filing of Notice of Removal | 6/25/2018 |

| 86.  | Exhibit A | 6/25/2018 |
|------|-----------|-----------|
| 87.  | Notice of Remand | 11/5/2018 |
| 88.  | (Copy) Order for Remand | 11/5/2018 |
| 89.  | Plaintiff's Motion for Summary Judgment | 12/5/2018 |
| 90.  | Exhibit 01 | 12/5/2018 |
| 91.  | Exhibit 02 | 12/5/2018 |
| 92.  | Exhibit 03 | 12/5/2018 |
| 93.  | Exhibit 04 | 12/5/2018 |
| 94.  | Exhibit 05 | 12/5/2018 |
| 95.  | Exhibit 06 | 12/5/2018 |
| 96.  | Exhibit 07 | 12/5/2018 |
| 97.  | Exhibit 08 | 12/5/2018 |
| 98.  | Exhibit 09 | 12/5/2018 |
| 99.  | Exhibit 10 | 12/5/2018 |
| 100  | Proposed Final Summary Judgment | 12/5/2018 |
| 101  | Notice of Submission | 12/5/2018 |
| 102  | Defendant, Texas Reit LLC's Amended Answer to Substituted Plaintiff WCW Houston Properties, LLC's Third Amended Petition | 12/26/2018 |
| 103  | Defendant, Texas Reit LLC's Response in Opposition to Substituted Plaintiff WCW Houston Properties, LLC's Motion for Summary Judgment | 12/26/2018 |
| 104  | Exhibit 01 | 12/26/2018 |
| 105  | Exhibit 02 | 12/26/2018 |
| 106  | Proposed Order on Plaintiff WCW Houston Properties, LLC's Motion for Summary Judgment and Objections to Summary Judgment Evidence | 12/26/2018 |
| 107  | ORDER DENYING OBJECTION TO DISCOVERY REQUEST SIGNED | 12/31/2018 |
| 108  | ORDER SIGNED DENYING PARTIAL SUMMARY JUDGMENT | 12/31/2018 |
| 109  | Defendant, Texas Reit LLC's Motion for Traditional and No Evidence Final Summary Judgment | 1/18/2019 |
| 110  | Exhibit 01 | 1/18/2019 |
| 111  | Exhibit 02 | 1/18/2019 |
| 112  | Exhibit 03 | 1/18/2019 |
| 113  | Exhibit 04 | 1/18/2019 |
| 114  | Exhibit 05 | 1/18/2019 |
| 115  | Proposed Order on Defendant's Motion for Traditional and No Evidence Motion for Final Summary Judgment | 1/18/2019 |
| 116  | Defendant, Texas Reit LLC's Motion for Traditional and No Evidence Final Summary Judgment | 1/18/2019 |
| 117  | Defendant, Texas Reit LLC's Amended Notice of Submission on Motion for Traditional and No Evidence Final Summary Judgment | 1/18/2019 |

| 118 | Plaintiff's Response to Defendant's Motion for Traditional and No-Evidence Summary Jugdment | 2/4/2019 |
|---|---|---|
| 119 | Exhibit 01 | 2/4/2019 |
| 120 | Exhibit 02 | 2/4/2019 |
| 121 | Exhibit 03 | 2/4/2019 |
| 122 | Exhibit 04 | 2/4/2019 |
| 123 | Exhibit 05 | 2/4/2019 |
| 124 | Exhibit 06 | 2/4/2019 |
| 125 | Exhibit 07 | 2/4/2019 |
| 126 | Exhibit 08 | 2/4/2019 |
| 127 | Exhibit 09 | 2/4/2019 |
| 128 | Exhibit 10 | 2/4/2019 |
| 129 | Exhibit 11 | 2/4/2019 |
| 130 | Exhibit 12 | 2/4/2019 |
| 131 | Proposed Order | 2/4/2019 |
| 132 | ORDER SIGNED RESETTING TRIAL | 2/22/2019 |
| 133 | Subpoena for Deposition Testimony of Reagan Lewis and Subpoena Duces Tecum Pursuant to T.R.C.P. 176 and 201 | 2/28/2019 |
| 134 | Motion to Quash and for Protective Order | 3/1/2019 |
| 135 | Defendant, Texas Reit LLC's Notice of Designation of Lead Trial Counsel | 5/3/2019 |
| 136 | TRIAL PREPARATION ORDER | 5/22/2019 |
| 137 | TRIAL PREPARATION ORDER | 5/22/2019 |
| 138 | TRIAL PREPARATION ORDER | 5/22/2019 |
| 139 | Oral Videotaped Deposition Mr. David L. Thornton April 4, 2019 | 6/4/2019 |
| 140 | ORDER SIGNED RESETTING TRIAL | 6/18/2019 |
| 141 | ORDER SIGNED RESETTING TRIAL | 6/18/2019 |
| 142 | ORDER SIGNED RESETTING TRIAL | 6/18/2019 |
| 143 | TRIAL PREPARATION ORDER | 9/26/2019 |
| 144 | Exhibit B | 10/14/2019 |
| 145 | Proposed Order | 10/14/2019 |
| 146 | Agreed Motion for Continuance | 10/14/2019 |
| 147 | Exhibit A | 10/14/2019 |
| 148 | ORDER SIGNED GRANTING TRIAL CONTINUANCE | 10/24/2019 |
| 149 | ORDER SIGNED RESETTING TRIAL | 10/25/2019 |
| 150 | Notice of Hearing | 11/20/2019 |
| 151 | Plaintiff's Motion for Partial Summary Judgment | 11/20/2019 |
| 152 | Exhibit "A" | 11/20/2019 |
| 153 | Exhibit "B" | 11/20/2019 |
| 154 | Exhibit "C" | 11/20/2019 |
| 155 | Exhibit 01 ASI Note | 11/20/2019 |
| 156 | Exhibit 02 ASI Funding | 11/20/2019 |
| 157 | Exhibit 03 2013 Mod ASI Note | 11/20/2019 |

| 158 | Exhibit 04 ASI Note Payment Hist | 11/20/2019 |
|---|---|---|
| 159 | Exhibit 05 ASI DT | 11/20/2019 |
| 160 | Exhibit 06 Asmt ASI Note | 11/20/2019 |
| 161 | Exhibit 07 Tras ASI Note Lien | 11/20/2019 |
| 162 | Exhibit 08 ASI Alonge | 11/20/2019 |
| 163 | Exhibit 09 - Return of Citation | 11/20/2019 |
| 164 | Exhibit 10 - Affidavit of Steve Wu | 11/20/2019 |
| 165 | Exhibit 11 - Affidavit of Andrew De Luna | 11/20/2019 |
| 166 | Exhibit 12 - ASI's Original Petition | 11/20/2019 |
| 167 | Exhibit 13 | 11/20/2019 |
| 168 | Proposed Partial Summary Judgment | 11/20/2019 |
| 169 | Defendant, Texas Reit LLC's Second Motion for Traditional Final Summary Judgment | 11/25/2019 |
| 170 | Exhibit 01 | 11/25/2019 |
| 171 | Exhibit 02 | 11/25/2019 |
| 172 | Exhibit A | 11/25/2019 |
| 173 | Exhibit B | 11/25/2019 |
| 174 | Exhibit C | 11/25/2019 |
| 175 | Exhibit D | 11/25/2019 |
| 176 | Exhibit E | 11/25/2019 |
| 177 | Exhibit F | 11/25/2019 |
| 178 | Exhibit G | 11/25/2019 |
| 179 | Exhibit H | 11/25/2019 |
| 180 | Defendant, Texas Reit LLCs Second Motion for Traditional Final Summary Judgment | 11/25/2019 |
| 181 | Amended Notice of Hearing | 12/6/2019 |
| 182 | Defendant, Texas Reit LLC's Notice of Hearing on Second Motion for Traditional Final Summary Judgment | 12/6/2019 |
| 183 | Defendant Texas Reit LLC's Amended Notice of Hearing on Second Motion for Traditional Final Summary Judgment | 12/13/2019 |
| 184 | Amended Notice of Hearing | 12/13/2019 |
| 185 | Defendant's Second Amended Notice of Submission of its Motion for Traditional and No Evidence Final Summary Judgment | 1/28/2020 |
| 186 | Defendanr Texas Reitt LLC's Second Amended Answer to Substituted Plaintiff WCW Houston Properties LLC's Third Amended Petition | 1/28/2020 |
| 187 | Plaintiff's Motion to Compel Discovery | 1/29/2020 |
| 188 | Proposed Order Compelling Production | 1/29/2020 |
| 189 | Plaintiff's Request for Production to Texas Reit. LLC | 1/29/2020 |
| 190 | Defendant, Texas Reit LLC's Responses to Plaintiff's First Request for Production | 1/29/2020 |
| 191 | Proposed Order Compelling Production (DUPLICATE) | 1/29/2020 |
| 192 | Notice of Submission (Incorrect date) | 1/29/2020 |
| 193 | Amended Notice of Submission | 1/29/2020 |

| 194 | Defendant Texas Reit LLC's Amended Second Motion for Traditional and No Evidence Final Summary Judgment | 2/3/2020 |
|-----|-----------------------------------------------------------------------------------|-----------|
| 195 | Exhibit A | 2/3/2020 |
| 196 | Exhibit B | 2/3/2020 |
| 197 | Exhibit C | 2/3/2020 |
| 198 | Exhibit D | 2/3/2020 |
| 199 | Exhibit E | 2/3/2020 |
| 200 | Exhibit F | 2/3/2020 |
| 201 | Exhibit G | 2/3/2020 |
| 202 | Exhibit H | 2/3/2020 |
| 203 | Exhibit I | 2/3/2020 |
| 204 | Defendant Texas Reit LLC's to Response to Plaintiff's Motion for Partial Summary Judgment; Alternatively, Motion to Continue Hearing Until Ruling on Motion to Set Aside Deemed Admissions | 2/17/2020 |
| 205 | Exhibit B | 2/17/2020 |
| 206 | Exhibit C | 2/17/2020 |
| 207 | Exhibit D | 2/17/2020 |
| 208 | Exhibit E | 2/17/2020 |
| 209 | Exhibit F | 2/17/2020 |
| 210 | Exhibit G | 2/17/2020 |
| 211 | Exhibit H | 2/17/2020 |
| 212 | Exhibit I | 2/17/2020 |
| 213 | Exhibit A | 2/17/2020 |
| 214 | Defendant's Motion to Set Aside Deemed Admissions | 2/17/2020 |
| 215 | Exhibit A | 2/17/2020 |
| 216 | Exhibit B | 2/17/2020 |
| 217 | Exhibit C | 2/17/2020 |
| 218 | Notice of Submission & Request for Earlier Oral Hearing | 2/17/2020 |
| 219 | Plaintiffs Objections to Defendants Summary Judgment Evidence | 2/17/2020 |
| 220 | Proposed Order on Plaintiff's Objections to Defendant's Summary Judgment Evidence | 2/17/2020 |
| 221 | Plaintiff's Response to Defendant's Second Motion for Summary Judgment Final | 2/17/2020 |
| 222 | Exhibit 01 | 2/17/2020 |
| 223 | Exhibit 02 | 2/17/2020 |
| 224 | Exhibit 03 | 2/17/2020 |
| 225 | Exhibit 04 | 2/17/2020 |
| 226 | Exhibit 05 | 2/17/2020 |
| 227 | Exhibit 06 | 2/17/2020 |
| 228 | Exhibit 07 | 2/17/2020 |
| 229 | Defendant Texas Reit LLC's to Response to Plaintiff's Motion for Partial Summary Judgment | 2/17/2020 |

| 230 | Notice of Appearance of Counsel | 2/19/2020 |
|---|---|---|
| 231 | Defendant, Texas Reit, LLC's Response to Plaintiff's Motion to Compel | 2/19/2020 |
| 232 | Defendant's Response to Plaintiff's Objection to Summary Juddgment Evidence | 2/21/2020 |
| 233 | Defendant's Amended Response to Plaintiff's Objection to Summary Judgment Evidence | 2/24/2020 |
| 234 | Proposed Partial Summary Judgment | 2/24/2020 |
| 235 | Proposed Order Denying Summary Judgment | 2/24/2020 |
| 236 | Letter to Clerk - Final Summary Judgment | 2/24/2020 |
| 237 | Proposed Final Summary Judgment | 2/24/2020 |
| 238 | ORDER SIGNED COMPELLING ANSWERS TO INTERROGATORIES | 2/24/2020 |
| 239 | ORDER SIGNED COMPELLING PRODUCTION | 2/24/2020 |
| 240 | Plaintiff's Supplement Brief Regarding its Objections to Defendants Summary Judgment Evidence | 2/25/2020 |
| 241 | Defendant, Texas Reit, LLC's Response to Plaintiff's Supplement Brief Regarding its Objections to Defendants Summary Judgment Evidence | 2/26/2020 |
| 242 | Exhibit A | 2/26/2020 |
| 243 | Exhibit B | 2/26/2020 |
| 244 | Proposed Order on Motion to Set Aside Deemed Admissions | 3/2/2020 |
| 245 | ORDER SIGNED DENYING MOTION TO STRIKE PLEADING | 3/2/2020 |
| 246 | Plaintiff's Response to Motion to Set Aside Deemed Admissions | 3/2/2020 |
| 247 | Afidavit of David L. Thornton | 3/2/2020 |
| 248 | Proposed Orer on Motion to Set Aside Deemed Admissions | 3/2/2020 |
| 249 | Plaintiff's Response to Motion to Set Aside Deemed Admissions | 3/2/2020 |
| 250 | Affidavit of David L. Thornton | 3/2/2020 |
| 251 | ORDER SIGNED DENYING PARTIAL SUMMARY JUDGMENT | 3/19/2020 |
| 252 | ORDER FOR INTERLOCUTORY SUMMARY JUDGMENT SIGNED | 3/19/2020 |
| 253 | ORDER MODIFYING AND AMENDING TEMPORARY ORDERS SIGNED | 3/19/2020 |
| 254 | O/S GRNTG IN PART OBJ/PROPOSED ORD/JGMT | 3/19/2020 |
| 255 | Defendant's Third Motion For Final Summary Judgment Against Substitute Plaintiff WCW Houston Properties, LLC | 3/23/2020 |
| 256 | Exhibit A | 3/23/2020 |
| 257 | Exhibit A-01 | 3/23/2020 |
| 258 | Exhibit A-02 | 3/23/2020 |
| 259 | Exhibit A-03 | 3/23/2020 |
| 260 | Notice of Submission | 3/23/2020 |
| 261 | Defendant's Cancellation of Motion for Summary Judgment | 3/30/2020 |
| 262 | Plaintiff's Fourth Amended Petition | 4/8/2020 |
| 263 | Exhibit A | 4/8/2020 |

| 264 | Exhibit B | 4/8/2020 |
|-----|-----------|----------|
| 265 | Exhibit C | 4/8/2020 |
| 266 | Exhibit D | 4/8/2020 |
| 267 | Exhibit E | 4/8/2020 |
| 268 | Exhibit F | 4/8/2020 |
| 269 | Exhibit G | 4/8/2020 |
| 270 | Exhibit H | 4/8/2020 |
| 271 | Exhibit I | 4/8/2020 |
| 272 | Exhibit J | 4/8/2020 |
| 273 | Defendant's Demand for Jury | 4/13/2020 |
| 274 | Defendant's Motion for Final Summary Judgment Concerning the Six Year Statute of Limitations | 4/13/2020 |
| 275 | Exhibit A-01 | 4/13/2020 |
| 276 | Exhibit A-02 | 4/13/2020 |
| 277 | Exhibit A-03 | 4/13/2020 |
| 278 | Exhibit A-04 | 4/13/2020 |
| 279 | Notice of Submission | 4/13/2020 |
| 280 | REQUEST FOR ISSUANCE OF SERVICE | 4/16/2020 |
| 281 | Request for Issuance of Service | 4/16/2020 |
| 282 | Plaintiff's Motion for Continuance | 4/20/2020 |
| 283 | Proposed Order on Plaintiff's Motion for Continuance | 4/20/2020 |
| 284 | Notice Hearing | 4/20/2020 |
| 285 | Request for Issuance of Service | 4/20/2020 |
| 286 | Request for Issuance of Service | 4/20/2020 |
| 287 | Defendant's Motion to Strike Plaintiff's Fourth Amended Petition | 4/21/2020 |
| 288 | Exhibit A | 4/21/2020 |
| 289 | Notice of Hearing | 4/21/2020 |
| 290 | Proposed Order | 4/21/2020 |
| 291 | Plaintiff's Response to Defendant's Motion for Final Summary Judgment Concerning The Six Year Statute of Limitations | 4/27/2020 |
| 292 | Exhibit 01 | 4/27/2020 |
| 293 | Exhibit 02 | 4/27/2020 |
| 294 | Exhibit 03 | 4/27/2020 |
| 295 | Exhibit 04 | 4/27/2020 |
| 296 | Proposed Order Denying Summary Judgment | 4/27/2020 |
| 297 | Notice Of Appearance And Designation Of Attorney-In-Charge | 4/28/2020 |
| 298 | Plaintiff's Response to Motion to Strike with Motion for Leave | 5/1/2020 |
| 299 | Exhibit 01 | 5/1/2020 |
| 300 | Exhibit 02 | 5/1/2020 |
| 301 | Proposed Order Denying Motion to Strike and Granting Leave to File | 5/1/2020 |
| 302 | Notice of Filing Of Notice Of Removal | 5/1/2020 |
| 303 | Notice of Removal | 5/1/2020 |

| 304 | Citation (Dalio Holding II LLC) | 6/8/2020 |
|---|---|---|
| 305 | Citation (Dalio Holdings I LLC) | 6/8/2020 |
| 306 | Notice of Remand | 4/12/2021 |
| 307 | Order Remanding Case | 4/12/2021 |
| 308 | Plaintiffs Motion for Discovery Sanctions | 4/19/2021 |
| 309 | Exhibit 01 | 4/19/2021 |
| 310 | Exhibit 02 | 4/19/2021 |
| 311 | Exhibit 03 | 4/19/2021 |
| 312 | Exhibit 04 | 4/19/2021 |
| 313 | Exhibit 05 | 4/19/2021 |
| 314 | 151 Notice of Hearing (Oral) | 4/21/2021 |
| 315 | Defendant Request for Alternative Hearing Date | 4/22/2021 |
| 316 | WCW Houston Properties LLC's Response to Request for Alternative Hearing Dates | 4/23/2021 |
| 317 | Proposed Order Granting Discovery Sanctions | 4/26/2021 |
| 318 | ORDER SIGNED DESIGNATING CASE TRIAL READY | 4/28/2021 |
| 319 | 151 Notice to Reset Hearing (Oral) | 4/28/2021 |
| 320 | Dalio Holdings I, LLCs Response to Plaintiffs Motion for Discovery Sanctions | 5/7/2021 |
| 321 | Notice of Appearance of Branch M. Sheppard | 5/10/2021 |
| 322 | ORDER DENYING SANCTIONS SIGNED | 5/10/2021 |
| 323 | Response and Conditional Agreement | 5/19/2021 |
| 324 | Exhibit A | 5/19/2021 |
| 325 | Exhibit B | 5/19/2021 |
| 326 | Ali Choudhris, Texas Reit, LLCs and Dalio Holdigns I, LLCs First Amended Motion to Consolidate Cause No. 2017-35320 Into Cause No. 2012-27197A | 6/4/2021 |
| 327 | Exhibit A | 6/4/2021 |
| 328 | Proposed Order Granting First Amended Motion to Consolidate | 6/4/2021 |
| 329 | Return Mail Undeliverable | 6/15/2021 |
| 330 | WCW Houston Properties LLCs Objection to Notice of Submission | 6/22/2021 |
| 331 | Notice of Submission | 6/25/2021 |
| 332 | Notice of Submission | 6/25/2021 |
| 333 | WCW Houston Properties LLCs Motion to Compel Discovery | 6/25/2021 |
| 334 | Proposed Order on WCW Houston Properties LLCs Motion to Compel Discovery | 6/25/2021 |
| 335 | WCW Houston Propoerties LLCs Amended Motion to Compel Discovery | 6/25/2021 |
| 336 | Exhibit 1 | 6/25/2021 |
| 337 | Proposed Order on WCW Houston Properties LLCs amended Motion to Compel Discovery | 6/25/2021 |
| 338 | Notice Submission | 6/25/2021 |
| 339 | Return Mail Undeliverable | 6/25/2021 |

| 340 | Return Mail Undeliverable | 6/25/2021 |
|-----|---------------------------|-----------|
| 341 | Return Mail Undeliverable | 6/25/2021 |
| 342 | Dalio Holdings I, LLC's Response to Motion to Compel Discovery | 7/2/2021 |
| 343 | Exhibit A | 7/2/2021 |
| 344 | Proposed Order Denying Motion to Compel | 7/2/2021 |
| 345 | Request for Oral Hearing | 7/2/2021 |
| 346 | ORDER SIGNED DENYING MOTION TO STRIKE PLEADING | 7/5/2021 |
| 347 | ORDER SIGNED COMPELLING DISCOVERY DENIED | 7/5/2021 |
| 348 | Defendant Texas Reit LLCs Request for Reset Oral Hearing | 7/14/2021 |
| 349 | Notice of Appearance of Branch M Sheppard and Annarose M Harding | 7/14/2021 |
| 350 | Notice of Oral Hearing | 7/16/2021 |
| 351 | Defendant Texas Reit LLCs Motion to Strike Dalio Holdings I, LLC From this Lawsuit and Plaintiffs Claims Against Dalio Holdgiins I, LLC | 7/16/2021 |
| 352 | Proposed Order Granting Motion to Strike | 7/16/2021 |
| 353 | WCW Houston Properties LLCs Motion to Compel Discovery Against Texas Reit LLC | 7/30/2021 |
| 354 | Exhibit 1 | 7/30/2021 |
| 355 | Exhibit 2 | 7/30/2021 |
| 356 | Exhibit 3 | 7/30/2021 |
| 357 | Proposed Order Granting Motion to Compel Discovery | 7/30/2021 |
| 358 | Notice of Submission | 7/30/2021 |
| 359 | Texas Reits Response to WCWs Motion | 8/6/2021 |
| 360 | Exhibit A. | 8/6/2021 |
| 361 | Proposed Order Denying Motion to Compel Discovery | 8/6/2021 |
| 362 | WCW Houston Properties LLCs Reply to Texas Reit LLCs Response to its Motion to Compel Discovery | 8/6/2021 |
| 363 | Exhibit 1 | 8/6/2021 |
| 364 | Texas Reits Sur Reply to WCWs Response to TRLs Response | 8/9/2021 |
| 365 | TRIAL PREPARATION ORDER | 8/11/2021 |
| 366 | Certificate of Conference on Motion to Strike | 8/12/2021 |
| 367 | Proposed Order Granting Defendant Texas Reit's Motion for Summary Judgment Concerning The Six Year Statute of Limitations | 8/12/2021 |
| 368 | Plaintiffs Response to Motion to Strike and Motion to Adopt Federal Pleadings | 8/13/2021 |
| 369 | Exhibit 01 | 8/13/2021 |
| 370 | Exhibit 02 | 8/13/2021 |
| 371 | Exhibit 03 | 8/13/2021 |
| 372 | Exhibit 04 | 8/13/2021 |
| 373 | Exhibit 05 | 8/13/2021 |
| 374 | Exhibit 06 | 8/13/2021 |
| 375 | Exhibit 07 | 8/13/2021 |

| 376 | Exhibit 08 | 8/13/2021 |
|-----|-----------|-----------|
| 377 | Exhibit 09 | 8/13/2021 |
| 378 | Exhibit 10 | 8/13/2021 |
| 379 | Exhibit 11 | 8/13/2021 |
| 380 | Exhibit 12 | 8/13/2021 |
| 381 | Exhibit 13 | 8/13/2021 |
| 382 | Exhibit 14 | 8/13/2021 |
| 383 | Exhibit 15 | 8/13/2021 |
| 384 | Exhibit 16 | 8/13/2021 |
| 385 | Exhibit 17 | 8/13/2021 |
| 386 | Proposed Order Denying Motion to Strike Pleadings | 8/13/2021 |
| 387 | Defendant Texas Reit LLCs Reply Regarding Motion to Strike Dalio Holdings I, LLC from this Lawsuit and Plaintiffs Claims Against Dalio Holdings I, LLC | 8/13/2021 |
| 388 | ORDER SIGNED DENYING DISCOVERY | 8/14/2021 |
| 389 | Texas Reits Amended Sur Reply to WCWs Motion to Compel Discovery | 8/16/2021 |
| 390 | WCW Houston Properties LLC's Response to the Amended Sur-Reply to WCW's Motion to Compel Discovery | 8/16/2021 |
| 391 | Notice of Intent to Use Documents Produced In Discovery | 8/16/2021 |
| 392 | ORDER SIGNED DENYING MOTION TO STRIKE PLEADING | 8/16/2021 |
| 393 | Third Agreed Motion for Trial Continuance and Entry of An Amended Limited Docket Control Order | 9/7/2021 |
| 394 | Proposed Agreed Scheduling Order | 9/7/2021 |
| 395 | Proposed Agreed Scheduling Order | 9/7/2021 |
| 396 | DOCKET CONTROL/PRETRIAL ORDER SIGNED | 9/9/2021 |
| 397 | ORDER SIGNED GRANTING TRIAL CONTINUANCE | 9/9/2021 |
| 398 | ORDER SIGNED RESETTING TRIAL | 9/10/2021 |
| 399 | Defendant Texas Reit LLCs Motion to Expunge Lis Pendens and Request for Oral Hearing | 9/21/2021 |
| 400 | Exhibit A | 9/21/2021 |
| 401 | Exhibit B | 9/21/2021 |
| 402 | Exhibit C | 9/21/2021 |
| 403 | Proposed Order Granting Defendant Texas Reit LLCs Motion to Expunge Lis Pendens | 9/21/2021 |
| 404 | Plaintiffs Unopposed Motion for Leave to Amend Pleadings | 9/21/2021 |
| 405 | Exhibit 01 | 9/21/2021 |
| 406 | Notice of Submission | 9/21/2021 |
| 407 | Proposed Order Granting Leave to File Amended Petition | 9/21/2021 |
| 408 | Designation of Lead Counsel | 9/22/2021 |
| 409 | Defendants Objection to Plaintiffs Unopposed Motion for Leave to Amend Pleadings | 9/22/2021 |
| 410 | 151 Notice of Hearing (Oral) | 9/22/2021 |
| 411 | Plaintiffs Reply to the Defendants Objection to Its Unopposed Motion for Leave to Amend Pleadings | 9/23/2021 |

| 412 | Exhibit 01 | 9/23/2021 |
|---|---|---|
| 413 | Exhibit 02 | 9/23/2021 |
| 414 | Exhibit 03 | 9/23/2021 |
| 415 | Proposed Transcript Order Form and Waiver of Notice | 9/23/2021 |
| 416 | Return Mail Undeliverable | 9/27/2021 |
| 417 | WCWs Objection and Response to Defendants Motion to Expunge | 10/1/2021 |
| 418 | Proposed Order Denying Motion to Expunge | 10/1/2021 |
| 419 | Return Mail Undeliverable | 10/4/2021 |
| 420 | Return Mail Undeliverable | 10/4/2021 |
| 421 | Return Mail Undeliverable | 10/5/2021 |
| 422 | Return Mail Undeliverable | 10/5/2021 |
| 423 | ORDER GRANTING LEAVE TO FILE PLEADING SIGNED | 10/6/2021 |
| 424 | WCW Houston Properties LLCs Fifth Amended Petiition | 10/11/2021 |
| 425 | Exhibit A | 10/11/2021 |
| 426 | Exhibit B | 10/11/2021 |
| 427 | Exhibit C | 10/11/2021 |
| 428 | Exhibit D | 10/11/2021 |
| 429 | Exhibit E | 10/11/2021 |
| 430 | Exhibit F | 10/11/2021 |
| 431 | Exhibit G | 10/11/2021 |
| 432 | Exhibit H | 10/11/2021 |
| 433 | Exhibit I | 10/11/2021 |
| 434 | Exhibit J | 10/11/2021 |
| 435 | 151 Notice of Hearing (Oral) | 10/15/2021 |
| 436 | Notice of Change of Address | 10/26/2021 |
| 437 | WCW Houston Properties LLCS Motion to Compel Discovery Against Texas reit, LLC and Dalio Holdings I, LLC | 10/27/2021 |
| 438 | Exhibit 01 | 10/27/2021 |
| 439 | Exhibit 02 | 10/27/2021 |
| 440 | Exhibit 03 | 10/27/2021 |
| 441 | Exhibit 04 | 10/27/2021 |
| 442 | Exhibit 05 | 10/27/2021 |
| 443 | Exhibit 06 | 10/27/2021 |
| 444 | Notice of Submission | 10/27/2021 |
| 445 | Proposed Order Granting Motion to Compel Discovery | 10/27/2021 |
| 446 | Notice of Attorneys Change of Name and Address | 10/27/2021 |
| 447 | WCW Houston Properties, LLC' s Supplemental Response to Texas Reit, LLC's Motion to Expunge Lis Pendes | 10/29/2021 |
| 448 | Exhibit 01 | 10/29/2021 |
| 449 | Exhibit 02 | 10/29/2021 |
| 450 | Exhibit 03 | 10/29/2021 |
| 451 | Exhibit 04 | 10/29/2021 |

| 452 | Exhibit 05 | 10/29/2021 |
|-----|-----------|------------|
| 453 | Exhibit 06 | 10/29/2021 |
| 454 | Exhibit 07 | 10/29/2021 |
| 455 | Exhibit 08 | 10/29/2021 |
| 456 | Exhibit 09 | 10/29/2021 |
| 457 | Exhibit 10 | 10/29/2021 |
| 458 | Notice of Delivery | 11/5/2021 |
| 459 | ORDER SIGNED AWARDING ATTORNEY FEES | 11/8/2021 |
| 460 | ORDER SIGNED COMPELLING PRODUCTION | 11/8/2021 |
| 461 | Defendants Expedited Motion to Vacate Order Granting Motion to Compel | 11/12/2021 |
| 462 | Exhibit A | 11/12/2021 |
| 463 | Exhibit B | 11/12/2021 |
| 464 | Exhibit C | 11/12/2021 |
| 465 | Exhibit D | 11/12/2021 |
| 466 | Exhibit E | 11/12/2021 |
| 467 | Proposed Order Vacating Order Granting Motion to Compel Discovery | 11/12/2021 |
| 468 | 151 Notice of Hearing (Oral) | 11/18/2021 |
| 469 | Defendants Motion to Quash Oral Deposition of Ali Choudhri | 11/18/2021 |
| 470 | Exhibit A | 11/18/2021 |
| 471 | Proposed Order Granting Defendants Motion to Quash Oral Deposition of Ali Choudhri | 11/18/2021 |
| 472 | Defendants Motion to Quash Oral Deposition of Azeemah Zaheer | 11/18/2021 |
| 473 | Exhibit A | 11/18/2021 |
| 474 | Proposed Order Granting Defendants Motion to Quash Oral Deposition of Azeemah Zaheer | 11/18/2021 |
| 475 | WCW Houston Properties LLCs Response to Defendants Motions to Quash and its Motion to Compel Depositions | 11/19/2021 |
| 476 | Exhibit 01 | 11/19/2021 |
| 477 | Exhibit 02 | 11/19/2021 |
| 478 | Exhibit 03 | 11/19/2021 |
| 479 | Exhibit 04 | 11/19/2021 |
| 480 | Exhibit 05 | 11/19/2021 |
| 481 | Exhibit 06 | 11/19/2021 |
| 482 | Exhibit 07 | 11/19/2021 |
| 483 | Exhibit 08 | 11/19/2021 |
| 484 | Exhibit 09 | 11/19/2021 |
| 485 | Proposed Order | 11/19/2021 |
| 486 | Notice of Submission Hearing | 11/19/2021 |
| 487 | Notice of Hearing | 11/22/2021 |
| 488 | Certificate of Conference | 11/23/2021 |
| 489 | Defendants' Request For Oral Hearing | 11/24/2021 |
| 490 | Proposed Order Setting Oral Hearing | 11/24/2021 |

| 491 | Defendants Reply to Motions to Quash Oral Depositions and Response to WCW Houston Properties LLCs Motion to Compel Depositions | 11/24/2021 |
|---|---|---|
| 492 | Exhibit A | 11/24/2021 |
| 493 | WCW Houston Properties, LLCs Response to Motion to Defendants Motion to Vacate Order Granting Motion to Compel | 11/24/2021 |
| 494 | Exhibit 01 | 11/24/2021 |
| 495 | Exhibit 02 | 11/24/2021 |
| 496 | Exhibit 03 | 11/24/2021 |
| 497 | WCW Houston Properties, LLCs Motion to Quash and for Protective Order | 11/24/2021 |
| 498 | Exhibit 01 | 11/24/2021 |
| 499 | Exhibit 02 | 11/24/2021 |
| 500 | Exhibit 03 | 11/24/2021 |
| 501 | Exhibit 04 | 11/24/2021 |
| 502 | Return Mail Undeliverable | 11/24/2021 |
| 503 | Return Mail Undeliverable | 11/24/2021 |
| 504 | WCW Houston Properties, LLC's Reply Brief On Its Motion To Compel Depositions | 11/29/2021 |
| 505 | Exhibit 01 | 11/29/2021 |
| 506 | ORDER SIGNED COMPELLING PRODUCTION | 11/29/2021 |
| 507 | ORDER SIGNED DENYING MOTION TO QUASH DEPOSITION | 11/29/2021 |
| 508 | Return Mail Undeliverable | 11/30/2021 |
| 509 | Return Mail Undeliverable | 11/30/2021 |
| 510 | ORDER SIGNED DENYING MOTION TO COMPEL PRODUCTION | 12/6/2021 |
| 511 | ORDER SIGNED SETTING ASIDE ORDER | 12/6/2021 |
| 512 | Return Mail Undeliverable | 12/10/2021 |
| 513 | Return Mail Undeliverable | 12/10/2021 |
| 514 | Return Mail Undeliverable | 12/13/2021 |
| 515 | Return Mail Undeliverable | 12/17/2021 |
| 516 | Return Mail Undeliverable | 12/20/2021 |
| 517 | Return Mail Undeliverable | 12/20/2021 |
| 518 | Return Mail Undeliverable | 12/21/2021 |
| 519 | Plaintiff's Motion for Discovery Sanctions | 12/27/2021 |
| 520 | Proposed Order for Discovery Sanctions | 12/27/2021 |
| 521 | Notice of Submission Hearing | 12/27/2021 |
| 522 | Return Mail Undeliverable | 12/27/2021 |
| 523 | Return Mail Undeliverable | 12/27/2021 |
| 524 | Return Mail Undeliverable | 12/27/2021 |
| 525 | Return Mail Undeliverable | 12/27/2021 |
| 526 | Return Mail Undeliverable | 12/28/2021 |
| 527 | Return Mail Undeliverable | 12/28/2021 |

| 528 | 151 Notice of Hearing (Oral) | 1/4/2022 |
|---|---|---|
| 529 | Notice of Hearing | 1/4/2022 |
| 530 | Defendants Response to Plaintiffs Motion for Discovery Sanctions, Motion to Reconsider and Request for Oral Hearing | 1/7/2022 |
| 531 | Exhibit A | 1/7/2022 |
| 532 | Proposed Order | 1/7/2022 |
| 533 | Proposed Order Setting Oral Hearing | 1/7/2022 |
| 534 | Verification | 1/7/2022 |
| 535 | Plaintiffs Reply to the Defendants Response to Plaintiffs Motion for Discovery Sanctions | 1/7/2022 |
| 536 | Exhibit 01 | 1/7/2022 |
| 537 | Exhibit 02 | 1/7/2022 |
| 538 | ORDER GRANTING SANCTIONS SIGNED | 1/14/2022 |
| 539 | ORDER SIGNED AWARDING ATTORNEY FEES | 1/14/2022 |
| 540 | Notice to Court | 1/18/2022 |
| 541 | Notice of Deposition of Steven Wu | 1/31/2022 |
| 542 | Return Mail Undeliverable | 1/31/2022 |
| 543 | Return Mail Undeliverable | 2/1/2022 |
| 544 | Return Mail Undeliverable | 2/1/2022 |
| 545 | Return Mail Undeliverable | 2/2/2022 |
| 546 | Return Mail Undeliverable | 2/4/2022 |
| 547 | Return Mail Undeliverable | 2/10/2022 |
| 548 | WCW Houston Properties, LLC's Motion for Final Summary Judgment | 2/15/2022 |
| 549 | Exhibit 01 | 2/15/2022 |
| 550 | Exhibit 02 | 2/15/2022 |
| 551 | Exhibit 03 | 2/15/2022 |
| 552 | Exhibit 04 | 2/15/2022 |
| 553 | Exhibit 05 | 2/15/2022 |
| 554 | Exhibit 06 | 2/15/2022 |
| 555 | Exhibit 07 | 2/15/2022 |
| 556 | Exhibit 08 | 2/15/2022 |
| 557 | Exhibit 09 | 2/15/2022 |
| 558 | Exhibit 10 | 2/15/2022 |
| 559 | Exhibit 11 | 2/15/2022 |
| 560 | Exhibit 12 | 2/15/2022 |
| 561 | Letter to Clerk filing additional exhibits to Motion for Final Summary Judgment | 2/15/2022 |
| 562 | 151 Notice of Hearing (Oral) | 2/16/2022 |
| 563 | Return Mail Undeliverable | 2/17/2022 |
| 564 | Plaintiffs Designation of Lead Counsel | 2/22/2022 |
| 565 | Plaintiff's Unopposed Motion to Substitute Lead Counsel | 2/24/2022 |
| 566 | Proposed Order Substituting Lead Counsel | 2/24/2022 |
| 567 | ORDER SIGNED SUBSTITUTING ATTORNEY OF RECORD | 2/25/2022 |

| 568 | Defendants Response to Plaintiffs Motion for Final Summary Judgment | 3/8/2022 |
|---|---|---|
| 569 | Business Records Affidavit | 3/8/2022 |
| 570 | Exhibit 01 | 3/8/2022 |
| 571 | Exhibit 02 | 3/8/2022 |
| 572 | Defendants Motion to Strike Plaintiffs Summary Judgment Evidence | 3/8/2022 |
| 573 | Proposed Order on Defendants Motion to Strike Plaintiffs Summary Judgment Evidence | 3/8/2022 |
| 574 | TRIAL PREPARATION ORDER | 3/8/2022 |
| 575 | Rule 11 Agreement | 3/8/2022 |
| 576 | Exhibit 01 - Email Regarding Agreement | 3/8/2022 |
| 577 | Proposed Final Summary Judgment | 3/9/2022 |
| 578 | Motion for Contempt for Violation of Modified Temporary Sealing Order | 3/9/2022 |
| 579 | Exhibit 01 - Modified Temporary Sealing Order | 3/9/2022 |
| 580 | Exhibit 02 - Order Granting Appellants Emergency Motion | 3/9/2022 |
| 581 | Exhibit 03 - page 9 of transcript | 3/9/2022 |
| 582 | Exhibit 04 - page 21 of transcript | 3/9/2022 |
| 583 | Plaintiffs Motion to Supplement Summary Judgment Record | 3/10/2022 |
| 584 | Exhibit 01 | 3/10/2022 |
| 585 | Exhibit 13 | 3/10/2022 |
| 586 | Exhibit 14 | 3/10/2022 |
| 587 | Exhibit 15 | 3/10/2022 |
| 588 | Exhibit 16 | 3/10/2022 |
| 589 | Exhibit 17 | 3/10/2022 |
| 590 | Proposed Order Granting Motion to Supplement Summary Judgment Record | 3/10/2022 |
| 591 | WCW Houston Properties, LLC's Reply to Defendants' Response to Its Motion for Final Summary Judgment | 3/11/2022 |
| 592 | Exhibit 01 | 3/11/2022 |
| 593 | Plaintiffs Response to Defendants Motion to Strike Evidence and Defendants Evidentiary Objections | 3/11/2022 |
| 594 | Exhibit 01 | 3/11/2022 |
| 595 | Exhibit 02 | 3/11/2022 |
| 596 | Plaintiff's Motion to Quash Depositions | 3/11/2022 |
| 597 | Exhibit 01 | 3/11/2022 |
| 598 | Notice of Submission | 3/11/2022 |
| 599 | Defendants Response to Plaintiffs Motion to Supplement Summary Judgment Record and Motion to Strike as Untimely and Motion for Continuance | 3/21/2022 |
| 600 | Filing Letter | 3/21/2022 |
| 601 | Filing Letter | 3/21/2022 |
| 602 | WCWs Reply to the Defendants Response to its Motion to Supplement Summary Judgment Record | 3/22/2022 |

| 603 | ORDER SIGNED DENYING FINAL SUMMARY JUDGMENT | 3/22/2022 |
|---|---|---|
| 604 | ORDER SIGNED DENYING FINAL SUMMARY JUDGMENT | 3/22/2022 |
| 605 | ORDER GRANTING STRIKING OF PLEADING IN PART SIGNED | 3/22/2022 |
| 606 | Plaintiffs Motion for Summary Judgment and in the Alternative Request for Declaration of Undisputed | 3/28/2022 |
| 607 | Exhibit 01 | 3/28/2022 |
| 608 | Exhibit 02 | 3/28/2022 |
| 609 | Exhibit 03 | 3/28/2022 |
| 610 | Exhibit 04 | 3/28/2022 |
| 611 | Exhibit 05 | 3/28/2022 |
| 612 | Exhibit 06 | 3/28/2022 |
| 613 | Exhibit 07 | 3/28/2022 |
| 614 | Exhibit 08 | 3/28/2022 |
| 615 | Exhibit 09 | 3/28/2022 |
| 616 | Exhibit 10 | 3/28/2022 |
| 617 | Exhibit 11 | 3/28/2022 |
| 618 | Exhibit 12 | 3/28/2022 |
| 619 | Exhibit 13 | 3/28/2022 |
| 620 | Exhibit 14 | 3/28/2022 |
| 621 | Exhibit 15 | 3/28/2022 |
| 622 | Exhibit 16 | 3/28/2022 |
| 623 | Exhibit 17 | 3/28/2022 |
| 624 | Exhibit 18 | 3/28/2022 |
| 625 | Proposed Summary Judgment | 3/28/2022 |
| 626 | Notice of Submission Hearing | 3/28/2022 |
| 627 | Filing Letter | 3/28/2022 |
| 628 | Letter to Clerk filing additional exhibits | 3/28/2022 |
| 629 | Return Mail Undeliverable | 3/29/2022 |
| 630 | Return Mail Undeliverable | 3/29/2022 |
| 631 | Return Mail Undeliverable | 3/29/2022 |
| 632 | Return Mail Undeliverable | 4/1/2022 |
| 633 | Fourth Joint Agreed Motion for Trial Continuance | 4/5/2022 |
| 634 | Proposed Order Granting Joint Agreed Motion for Trial Continuance | 4/5/2022 |
| 635 | Return Mail Undeliverable | 4/5/2022 |
| 636 | Return Mail Undeliverable | 4/5/2022 |
| 637 | ORDER SIGNED GRANTING TRIAL CONTINUANCE | 4/6/2022 |
| 638 | ORDER SIGNED GRANTING PREFERENTIAL TRIAL SETTING | 4/6/2022 |
| 639 | ORDER SIGNED RESETTING TRIAL | 4/7/2022 |
| 640 | Exhibit 1 | 4/11/2022 |
| 641 | Exhibit 2 | 4/11/2022 |
| 642 | Exhibit 3 | 4/11/2022 |

| 643 | Exhibit 4 | 4/11/2022 |
|---|---|---|
| 644 | Exhibit 5 | 4/11/2022 |
| 645 | Proposed Order on Plaintiffs 2nd Motion for Summary Judgment | 4/11/2022 |
| 646 | Defendants Response to Plaintiffs 2nd Motion for Summary Judgment and in the Alternative Request for Declaration of Undisputed Issues Under Rule 166 | 4/11/2022 |
| 647 | Affidavit of Jennifer MacGeorge | 4/11/2022 |
| 648 | Plaintiffs Reply to Defendants Response to its Second Motion for Summary Judgment and in the Alternative Request for Declaration of Undisputed Facts Under Rule 166 | 4/18/2022 |
| 649 | Declaration of M. Kevin Powers | 4/18/2022 |
| 650 | Exhibit 1 | 4/18/2022 |
| 651 | Exhibit 2 | 4/18/2022 |
| 652 | Motion to Withdraw as Counsel | 4/18/2022 |
| 653 | Proposed Order Granting Motion to Withdraw as Counsel | 4/18/2022 |
| 654 | Defendants Request for Oral Hearing | 4/18/2022 |
| 655 | WCW Houston Properties LLCs Response to Defendants Request for Oral Hearing | 4/18/2022 |
| 656 | ORDER FOR INTERLOCUTORY SUMMARY JUDGMENT SIGNED | 4/18/2022 |
| 657 | ORDER SGND GRANTING SALE OF PROPERTY | 4/18/2022 |
| 658 | Return Mail Undeliverable | 4/19/2022 |
| 659 | Return Mail Undeliverable | 4/19/2022 |
| 660 | Return Mail Undeliverable | 4/19/2022 |
| 661 | Return Mail Undeliverable | 4/20/2022 |
| 662 | Notice of Submission | 4/21/2022 |
| 663 | Proposed Amended Order Granting Motion to Withdraw as Counsel | 4/25/2022 |
| 664 | Return Mail Undeliverable | 4/27/2022 |
| 665 | Return Mail Undeliverable | 4/27/2022 |
| 666 | Return Mail Undeliverable | 4/27/2022 |
| 667 | Return Mail Undeliverable | 4/27/2022 |
| 668 | WCW Houston Properties, LLC's Special Exceptions to Texas REIT LLC's Original Petition | 4/29/2022 |
| 669 | Proposed Order Granting Special Exceptions | 4/29/2022 |
| 670 | Notice of Submission Hearing | 4/29/2022 |
| 671 | ORDER GRANTING WITHDRAWAL OF ATTORNEY SIGNED | 5/2/2022 |
| 672 | Return Mail Undeliverable | 5/4/2022 |
| 673 | Return Mail Undeliverable | 5/4/2022 |
| 674 | Cross Plaintiffs Response to Cross Defendants Special Exceptions | 5/9/2022 |
| 675 | ORDER SIGNED GRANTING SPECIAL EXCEPTIONS | 5/9/2022 |
| 676 | Cross-Plaintiffs First Amended Petition and Permanent Injunctions | 5/24/2022 |

| 677 | WCW Houston Properties LLCs Motion to Modify Docket Control Order | 6/17/2022 |
|---|---|---|
| 678 | Notice of Submission | 6/17/2022 |
| 679 | Proposed Order Modifying Docket Control Order | 6/17/2022 |
| 680 | ORDER MODIFYING AND AMENDING TEMPORARY ORDERS SIGNED | 6/28/2022 |
| 681 | Wcw Houston Properties, Llcs Original Answer The First Amended Petition Of Texas Rett Llc | 7/1/2022 |
| 682 | WCW Houston Properties, LLC's Motion for Summary Judgment on Texas REIT, LLC's Counterclaims | 7/1/2022 |
| 683 | Exhibit 01 | 7/1/2022 |
| 684 | Exhibit 02 | 7/1/2022 |
| 685 | Exhibit 03 | 7/1/2022 |
| 686 | Exhibit 04 | 7/1/2022 |
| 687 | Exhibit 05 | 7/1/2022 |
| 688 | Exhibit 06 | 7/1/2022 |
| 689 | Exhibit 07 | 7/1/2022 |
| 690 | Exhibit 08 | 7/1/2022 |
| 691 | Exhibit 09 | 7/1/2022 |
| 692 | Exhibit 10 | 7/1/2022 |
| 693 | Exhibit 11 | 7/1/2022 |
| 694 | Exhibit 12 | 7/1/2022 |
| 695 | Exhibit 13 | 7/1/2022 |
| 696 | Exhibit 14 | 7/1/2022 |
| 697 | Exhibit 15 | 7/1/2022 |
| 698 | Exhibit 16 | 7/1/2022 |
| 699 | Exhibit 17 | 7/1/2022 |
| 700 | Exhibit 18 | 7/1/2022 |
| 701 | Exhibit 19 | 7/1/2022 |
| 702 | Proposed Interlocutory Summary Judgment | 7/1/2022 |
| 703 | Notice of Submission Hearing | 7/1/2022 |
| 704 | TRIAL PREPARATION ORDER | 7/6/2022 |
| 705 | Defendants Motion for Reconsideration of Summary Judgment | 7/8/2022 |
| 706 | Notice of Submission | 7/8/2022 |
| 707 | WCW Houston Properties LLCs Response to Defendants Motion for Reconsideration of Summary Judgment | 7/15/2022 |
| 708 | Proposed Order Denying Motion for Reconsideration | 7/15/2022 |
| 709 | Texas Reits Response to WCWs Motion for Summary Judgment on Texas Reits Counterclaims | 7/19/2022 |
| 710 | Exhibit 01 | 7/19/2022 |
| 711 | Exhibit 02 | 7/19/2022 |
| 712 | Exhibit 03 | 7/19/2022 |
| 713 | Exhibit 04 | 7/19/2022 |
| 714 | Exhibit 05 | 7/19/2022 |

| 715 | Exhibit 06 | 7/19/2022 |
|---|---|---|
| 716 | Exhibit 07 | 7/19/2022 |
| 717 | Motion To Request Grant For Leave | 7/19/2022 |
| 718 | WCW Houston Properties LLCs Reply to the Defendants Response to Its Motion for Summary Judgment on Texas Reit LLCs Counterclaims | 7/22/2022 |
| 719 | WCW Houston Properties LLCs Objections to Defendants Summary Judgment Evidence | 7/22/2022 |
| 720 | Proposed Order Excluding Judgment Evidence | 7/22/2022 |
| 721 | Defendants Amended Motion for Leave | 7/22/2022 |
| 722 | Proposed Order Granting Defendants Amended Motion for Leave to File | 7/22/2022 |
| 723 | Proposed Order Denying WCWs Motion for Summary Judgment and Granting Texas Reits Special Exceptions | 7/22/2022 |
| 724 | WCW Houston Properties LLCs Response in Opposition to Defendants Motion for Leave | 7/25/2022 |
| 725 | Defendants Request for Oral Hearing | 7/26/2022 |
| 726 | Certificate of Conference for Defendants Motion for Reconsideration | 7/26/2022 |
| 727 | DCA Generic Letter | 7/29/2022 |
| 728 | ORDER DENYING ORAL HEARING SIGNED | 7/30/2022 |
| 729 | ORDER FOR INTERLOCUTORY SUMMARY JUDGMENT SIGNED | 7/30/2022 |
| 730 | ORDER SIGNED STRIKING EVIDENCE GRANTED | 7/30/2022 |
| 731 | Notice of Partial Nonsuit and Request for Entry of Final Judgment | 8/5/2022 |
| 732 | Proposed Final Summary Judgment | 8/5/2022 |
| 733 | Proposed Order Granting Notice of Nonsuit | 8/5/2022 |
| 734 | ORDER OF PARTIAL NONSUIT SIGNED | 8/7/2022 |
| 735 | FINAL SUMMARY JUDGMENT SIGNED | 8/7/2022 |
| 736 | Return Mail Undeliverable | 8/9/2022 |
| 737 | Return Mail Undeliverable | 8/9/2022 |
| 738 | Return Mail Undeliverable | 8/9/2022 |
| 739 | Return Mail Undeliverable | 8/9/2022 |
| 740 | Supplement to Motion for (Partial) Reconsideration of April 18 2022 Summary Judgment Issues of Equitable Subordination & Collateral Estoppel | 8/11/2022 |
| 741 | Notice Of Oral Hearing | 8/11/2022 |
| 742 | Proposed Order On Motion For (Partial) Reconsideration Of April 18, 2022 Summary Judgement: Issues Of Equitable Subordination & Collateral Estoppel | 8/11/2022 |
| 743 | Notice of Appearance of Allen Zwernemann | 8/11/2022 |
| 744 | Return Mail Undeliverable | 8/16/2022 |
| 745 | Return Mail Undeliverable | 8/16/2022 |
| 746 | Return Mail Undeliverable | 8/18/2022 |

| 747 | Return Mail Undeliverable | 8/18/2022 |
|-----|---------------------------|-----------|
| 748 | Return Mail Undeliverable | 8/18/2022 |
| 749 | Return Mail Undeliverable | 8/24/2022 |
| 750 | Request for Findings of Fact and Conclusions of Law | 8/26/2022 |
| 751 | Request for Findings of Fact and Conclusions of Law | 8/26/2022 |
| 752 | ORDER SIGNED DENYING FINDINGS OF FACTS/CONCLUSIONS OF LAW | 8/29/2022 |
| 753 | Proposed Order on Defendants Joint Motion for New Trial and Joint Motion to Modify, Correct and Reform the Courts August 7, 2022 Final Summary Judgment | 9/6/2022 |
| 754 | Notice of Oral Hearing | 9/6/2022 |
| 755 | DEFENDANTS' JOINT MOTION FOR NEW TRIAL AND JOINT MOTION TO MODIFY, CORRECT, AND REFORM THE COURT'S AUGUST 7, 2022 FINAL SUMMARY JUDGMENT | 9/6/2022 |
| 756 | First Amended Notice Of Oral Hearing | 9/29/2022 |
| 757 | WCW Houston Properties LLCs Response to Defendants Motion for New Trial and Joint Motion to Modify, Correct, and Reform the Courts August 7, 2022 Final Summary Judgment | 9/30/2022 |
| 758 | Proposed Order Denying Post-Judgment Motions | 10/3/2022 |
| 759 | Deputy Reporter Statement | 10/6/2022 |
| 760 | ORD SGN DENYING RECONSIDERATION | 10/7/2022 |
| 761 | ORDER DENYING MOTION FOR NEW TRIAL SIGNED | 10/7/2022 |
| 762 | Proposed Order on Defendants Evidentiary Objections to Plaintiffs Summary Judgment Evidence | 10/13/2022 |
| 763 | Filing Letter | 10/14/2022 |
| 764 | Proposed Order on Defendants Evidentiary Objections to Plaintiffs Summary Judgment Evidence | 10/14/2022 |
| 765 | Return Mail Undeliverable | 10/24/2022 |
| 766 | Return Mail Undeliverable | 10/24/2022 |
| 767 | Return Mail Undeliverable | 10/24/2022 |
| 768 | Defendants' Notice of Appeal | 11/4/2022 |
| 769 | Notice from Fourteenth Court of Appeals | 11/9/2022 |
| 770 | DECLARATION OF NET WORTH PURSUANT TO TEX.R.APP. 24.2(C)(1) | 11/14/2022 |
| 771 | Return Mail Undeliverable | 11/14/2022 |
| 772 | Return Mail Undeliverable | 11/14/2022 |
| 773 | Return Mail Undeliverable | 11/14/2022 |
| 774 | SUPERSEDEAS BOND FILED | 11/15/2022 |
| 775 | Defendants Designation Of Materials For Clerks Record | 11/15/2022 |
| 776 | Letter to Court | 11/23/2022 |
| 777 | Notice from Fourteenth Court of Appeals | 12/6/2022 |
| 778 | WCW Houston Properties, LLCs Designation Of Materials For Clerks Record | 12/7/2022 |
| 779 | WCW Houston Properties LLCs Motion to Compel Net Worth Discovery Against Texas Reit LLC | 12/27/2022 |

| 780 | Exhibit 1 | 12/27/2022 |
|---|---|---|
| 781 | Exhibit 2 | 12/27/2022 |
| 782 | Exhibit 3 | 12/27/2022 |
| 783 | Proposed Order Compelling Net Worth Discovery | 12/27/2022 |
| 784 | Notice of Submission | 12/27/2022 |
| 785 | Reporters Certificate Deposition Of Ali Choudhri December 8, 2021 | 12/27/2022 |
| 786 | Judgment Creditors' Contest of Texas REIT, LLC's Net Worth Declaration | 12/29/2022 |
| 787 | Defendants Response to Plaintiffs Motion to Compel | 12/30/2022 |
| 788 | Exhibit 01 | 12/30/2022 |
| 789 | Proposed Order Denying Plaintiffs Motion to Compel | 12/30/2022 |
| 790 | ORDER SIGNED COMPELLING PRODUCTION | 1/5/2023 |
| 791 | Unopposed Motion to Withdraw as Counsel for Defendants | 1/9/2023 |
| 792 | Proposed Order on Motion to Withdraw as Counsel for Defendants | 1/9/2023 |
| 793 | ORDER SIGNED GRANTING ENTRY OF TEMPORARY ORDERS | 1/9/2023 |
| 794 | Notice of Submission Of Unopposed Motion To Withdraw As Counsel For Defendants | 1/12/2023 |
| 795 | Defendants Motion to Set Security and Permit Sale of Property Subject to Deposit of Security | 2/8/2023 |
| 796 | Exhibit A | 2/8/2023 |
| 797 | Exhibit B | 2/8/2023 |
| 798 | Proposed Order Granting Defendants Motion to Set Security and Permit Sale of Property Subject to Deposit of Security | 2/8/2023 |
| 799 | 151 Notice of Hearing (In-Person) | 2/9/2023 |
| 800 | Defendants Supplemented Certificate To Conference To Its Motion To Set Security And Permit Sale Of Property Subject To Deposit Of Security | 3/1/2023 |
| 801 | Defendant Texas Reit, LLCs Amended Notice Of Oral Hearing | 3/7/2023 |
| 802 | Notice of Hearing | 3/10/2023 |
| 803 | Judgment Creditors' Response To Defendant's Motion To Set Security and Permit Sale Of Property Subject to Deposit of Security | 3/31/2023 |
| 804 | Exhibit 01 | 3/31/2023 |
| 805 | Proposed Order Denying Motion to Set Security And Permit Sale Of Property Subject To Deposit Of Security | 3/31/2023 |
| 806 | Amended Notice of Hearing | 4/3/2023 |
| 807 | Defendant Texas Reit, LLCs Amended Notice Of Oral Hearing | 4/19/2023 |
| 808 | Notice of Reconvened Hearing | 5/30/2023 |
| 809 | Amended Notice of Reconvened Hearing | 5/30/2023 |
| 810 | Supplemental Clerks Record Request | 6/14/2023 |
| 811 | Second Amended Notice of Reconvened Hearing | 6/30/2023 |
| 812 | Proposed Order Determining Net Worth of Judgment Debtor | 7/21/2023 |

| 813 | Unopposed Motion to Withdraw as Counsel | 7/26/2023 |
|---|---|---|
| 814 | Proposed Order Granting Motion to Withdraw as Counsel | 7/26/2023 |
| 815 | Defendants Post-Hearing Brief | 8/2/2023 |
| 816 | Judgment Creditors Brief on Net Worth | 8/2/2023 |
| 817 | First Supplement to Unopposed Motion to Withdraw as Counsel | 8/3/2023 |
| 818 | ORDER GRANTING WITHDRAWAL OF ATTORNEY SIGNED | 8/5/2023 |
| 819 | Proposed Order Determining Net Worth of Judgment Debtor and Setting Supersedeas | 8/7/2023 |
| 820 | ORDER SETTING BOND SIGNED | 8/8/2023 |
| 821 | ORDER SIGNED GRANTING ENTRY OF TEMPORARY ORDERS | 8/8/2023 |
| 822 | Return Mail Undeliverable | 8/16/2023 |
| 823 | Return Mail Undeliverable | 8/18/2023 |
| 824 | Return Mail Undeliverable | 8/18/2023 |
| 825 | Return Mail Undeliverable | 8/18/2023 |
| 826 | Filing Letter Regarding Stay of Supersedeas Order | 8/21/2023 |
| 827 | Deputy Reporter Statement | 9/7/2023 |
| 828 | Order From Fourteenth Court of Appeals | 11/14/2023 |
| 829 | Application for Turnover After Judgment and For Appointment of Receiver | 1/26/2024 |
| 830 | Exhibit A | 1/26/2024 |
| 831 | Proposed Order Appointing Receiver | 1/26/2024 |
| 832 | Notice of Submission | 1/26/2024 |
| 833 | Notice of Submission | 1/29/2024 |
| 834 | Suggestion of Bankruptcy | 2/7/2024 |
| 835 | ORDER SETTING BOND SIGNED | 2/12/2024 |
| 836 | ORDER SIGNED AWARDING ATTORNEY FEES | 2/12/2024 |
| 837 | ORDER SIGNED GRANTING MOTION FOR TURNOVER | 2/12/2024 |
| 838 | ORDER TO APPOINT RECEIVER GRANTED | 2/12/2024 |
| 839 | Return Mail Undeliverable | 2/27/2024 |
| 840 | Return Mail Undeliverable | 2/27/2024 |
| 841 | Return Mail Undeliverable | 2/27/2024 |
| 842 | Return Mail Undeliverable | 3/4/2024 |
| 843 | Return Mail Undeliverable | 3/14/2024 |
| 844 | Memorandum Opinion From Fourteenth Court Of Appeals | 6/6/2024 |
| 845 | Oath of Receiver | 6/14/2024 |

5/25/2017 12:13:13 PM
Chris Daniel - District Clerk Harris County
Envelope No. 17250452
By: Regina Brincefield
Filed: 5/25/2017 12:13:13 PM

## CAUSE NO. _____

| | | |
|---|---|---|
| ARCHITECTURAL SERVICES INTERNATIONAL, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEXAS REIT, LLC | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Plaintiff, ARCHITECTURAL SERVICES INTERNATIONAL, INC, complaining of TEXAS REIT, LLC, Defendant, and files this Original Petition. Plaintiff intend to conduct discovery in this cause under Level 2 as that is described in Rule 190.3 of the Texas Rules of Civil Procedure. Plaintiff allege that they seek monetary relief aggregating more than $50,000, excluding costs and prejudgment interest. For cause of action Plaintiff would show unto the Court as follows:

### I.
### Parties

A.      Plaintiff, **ARCHITECTURAL SERVICES INTERNATIONAL, INC.,** is a Texas Corporation.

B.      Defendant, **TEXAS REIT, LLC,** is a Texas corporation doing business in Harris County, Texas, and can be served with process by serving its Manager, Mr. Ali Choudhri, 2500 West Loop South, Suite 255, Houston, Texas 77027.

### II.
### Jurisdiction and Venue

This court has jurisdiction over the parties and venue is appropriate in Harris County, Texas because Defendant entered into a contract with Plaintiff in that county and Defendant's primary place of business is in Harris County, Texas.

### III.
### Factual Background

This is a suit on a Promissory Note. On or about May 2, 2008, Defendant, TEXAS REIT, LLC, executed and delivered to Plaintiff their promissory note in the amount of $1,500,000.00 ("Note") to "ARCHITECTURAL SERVICES INTERNATIONAL, INC. See copy of Note attached

as Exhibit "1". The Note included principle of $1,500,000.00 and interest at eight percent (8%). The Plaintiff and Defendant executed a Modification Agreement in February, 2012. See copy of Modification Agreement as Exhibit "2". However, TEXAS REIT, LLC's payments were sporadic and December, 2016 was the date of TEXAS REIT, LLC's last payment. After all credits for payments made are deducted and all contractual penalties for late payments are added, the remaining principle still owed by TEXAS REIT, LLC to Plaintiff totals more than $1,458,000.00. Additionally, pursuant to the terms of the Note, TEXAS REIT, LLC owes interest on all matured, unpaid balances.

Defendant was served with a notice and demand letter from Plaintiff which gave TEXAS REIT, LLC thirty (30) days to tender payment for the full amount of principal and interest due. More than thirty (30) days will have passed and Defendant, TEXAS REIT, LLC, has not made payment on the debt or in accordance with the Note. The Note and Modification Agreement made the basis of this lawsuit are attached hereto as Exhibits "1" and "2" and are incorporated in this petition by reference. Plaintiff has fully complied with the Note.

## IV.
## Breach of Contract

**A.      Default**

Defendant has defaulted in payment of the Note and debt described therein. After all credits for payments made are deducted and all late fees in accordance with the Note are added, there is currently due the principle sum of $1,458,000.00. Additionally, as provided for in the Note, interest on all matured, unpaid amounts is also due.

**B.      Conditions Precedent**

All conditions precedent have been performed or have occurred.

## V.
## Attorney's Fees

Plaintiff are entitled to recover reasonable and necessary attorney fees under the Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract and/or quantum meruit. Plaintiff presented their claim to Defendant and Defendant has failed to tender the amount owed. Defendant's default has made it necessary for Plaintiff to file this lawsuit and incur attorney's fees for representation herein for which Plaintiff now brings suit.

Certified Document Number: 75248519 - Page 2 of 3

## VI.
## Collection of Debt

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

## VII.
## Damages

A.  Actual damages in the amount of $1,458,000.00 in accordance with the written agreement;

B.  Interest as provided in the written agreement and/or by law;

C.  Pre-judgment and post-judgment interest as allowed by law;

D.  Reasonable attorney's fees;

E.  Costs of court; and

F.  All other relief to which Plaintiff is entitled.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that Defendant be cited to appear and answer and that upon final hearing, Plaintiff recover judgment against Defendant for the damages as they may appear at trial hereof, together with prejudgment and post-judgment interest, costs of court, and such other relief to which Plaintiff may be entitled.

Respectfully submitted,
**LAW OFFICES OF DAVID L. THORNTON**

By: _____

DAVID L. THORNTON
TBN: 19976900
D. MICHAEL HENDERSON, JR.
TBN: 00792576
Attorneys for Plaintiff
699 S. Friendswood Dr.,
Suite 105
Friendswood, Texas 77546
Phone: (281) 482-1800
Fax: (281) 482-1852
Email: david@thorntonlawfirm.com



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 3, 2024


Certified Document Number:        75248519 Total Pages:  3


Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

| RECEIPT NUMBER | 0.00 |
| TRACKING NUMBER | 73377079 ATY |

**CAUSE NUMBER** 201735320

PLAINTIFF: ARCHITECTURAL SERVICES INTERNATIONAL INC
vs.
DEFENDANT: TEXAS REIT LLC

In The 151st
Judicial District Court of
Harris County, Texas

**CITATION CORPORATE**

THE STATE OF TEXAS
County of Harris

TO: TEXAS REIT LLC (TEXAS CORPORATION) MAY BE SERVED BY SERVING ITS
MANAGER ALI CHOUDHRI
2500 WEST LOOP SOUTH SUITE 255 HOUSTON TX 77027

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on the 25th day of May, 20 17, in the
above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED; you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
This Citation was issued under my hand and seal of said Court, at Houston, Texas, this 25th day of
May, 20 17.

Issued at request of:
THORNTON, DAVID L.
699 S. FRIENDSWOOD DR. SUITE
105
FRIENDSWOOD, TX. 77546
TEL: (281) 482-1800
Bar Number: 19976900

*Chris Daniel*
CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O.Box 4651, Houston, Texas 77210

Generated by: BRINCEFIELD, REGINA LYNN
G8B//10692659

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the 3rd day of July, 20 17 at 2:46 o'clock P.M., endorsed
the date of delivery thereon, and executed it at 700 Lavaca St. Ste 1401 Austin Texas 78701.
in Travis County, Texas on the 6th day of July, 20 17 at 11:40 o'clock A.M.,
by delivering to Texas Reit LLC by delivering to its registered agent, Legal Registered
Agent Services Inc. by delivering to James Torres, Location Manager
a true copy of this citation; with a copy of the _____ Petition attached,
and with accompanying copies of _____

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20___.

FEE: $_____

By: B— 3520
(SIGNATURE OF OFFICER)

Printed Name: Brent Steavens
Carlos B. López
Constable Precinct 5, Travis County, Texas

As Deputy for: _____
(PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

Affiant Other Than Officer

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20___.

_____
Notary Public

☑ COMPLETED.
MC

Pd#75./ck#13014

TOTAL P.002

Certified Document Number: 7588681 - Page 1 of 1

N.INT.CITC.P        *73377079*



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 3, 2024

Certified Document Number:          75886811 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

10/23/2017 10:53 AM
Chris Daniel - District Clerk Harris County
Envelope No. 4023274
By: Anna Evette
Filed: 10/23/2017 10:53 AM

| RECEIPT NUMBER | | 0.00 |
|---|---|---|
| TRACKING NUMBER | 73377079 | ATY |

CAUSE NUMBER        201735320

PLAINTIFF: ARCHITECTURAL SERVICES INTERNATIONAL INC
vs.
DEFENDANT: TEXAS REIT LLC

In The 151st
Judicial District Court of
Harris County, Texas

## CITATION CORPORATE

THE STATE OF TEXAS
County of Harris

TO: TEXAS REIT LLC (TEXAS CORPORATION) MAY BE SERVED BY SERVING ITS
    MANAGER ALI CHOUDHRI
    2500 WEST LOOP SOUTH SUITE 255 HOUSTON TX 77027

Attached is a copy of __PLAINTIFF'S ORIGINAL PETITION__.

This instrument was filed on the ___25th___ day of ___May___, 20 __17__, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
    **This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___25th___ day of
___May___, 20 __17__.

Issued at request of:
THORNTON, DAVID L.
699 S. FRIENDSWOOD DR. SUITE
105
FRIENDSWOOD, TX 77546
TEL: (281) 482-1800
Bar Number: 19976900

*Chris Daniel*
**CHRIS DANIEL, District Clerk**
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O.Box 4651, Houston, Texas 77210

Generated by: BRINCEFIELD, REGINA LYNN
G8B//10692659

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the __3RD__ day of __July__, 20 __17__, at __2:44__ o'clock __P__.M. endorsed the date of delivery thereon, and executed it at _700 Lavaca St, Ste 1401 Austin, Texas 78701._ (STREET ADDRESS)
in _TRAVIS_ County, Texas on the __6th__ day of __July__, 20 __17__, at __11:40__ o'clock __P__.M., by delivering to _TEXAS REIT LLC by delivering to its registered agent, Legal Registered_ (THE DEFENDANT CORPORATION NAMED IN CITATION)
_Agent Services Inc. by delivering to James Torres, Location Manager_ (REGISTERED AGENT, PRESIDENT, OR VICE-PRESIDENT)
a true copy of this citation, with a copy of the _____ (DESCRIPTION OF PETITION, E.G., "PLAINTIFF'S ORIGINAL") Petition attached,
and with accompanying copies of _____ (ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION).

I certify that the facts stated in this return are true by my signature below on the ___ day of _____, 20___.

FEE: $_____

By: _B_____ 520_ (SIGNATURE OF OFFICER)
Printed Name: _Brent S. Ortiz_ Carlos B. López
    (PRINTED NAME)    Constable Pct. 5, Travis County, Texas
As Deputy for: _____ (PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

_____
Affiant Other Than Officer

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20 ___.

_____
Notary Public


COMPLETED
MC

N.INT.CITC.P        *73377079*

7/10/17 RO

Pd#75.1 ck#13014



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 3, 2024

Certified Document Number:      77117835 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

10/25/2017 4:26 PM
Chris Daniel - District Clerk Harris County
Envelope No. 20308295
By: Anna Evetts
Filed: 10/25/2017 4:26 PM

## CAUSE NO. 2017-35320

| | | |
|---|---|---|
| ARCHITECTURAL SERVICES INTERNATIONAL, INC. | § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | HARRIS COUNTY, TEXAS |
| TEXAS REIT, LLC | § | 151ST JUDICIAL DISTRICT |

### PLAINTIFF'S FIRST AMENDED PETITION

COMES NOW, Plaintiff, **ARCHITECTURAL SERVICES INTERNATIONAL, INC**, **(herein after "ASI")** complaining of **TEXAS REIT, LLC**, Defendant, and files this First Amended Petition.  Plaintiff intends to conduct discovery in this cause under Level 2 as that is described in Rule 190.3 of the Texas Rules of Civil Procedure.  Plaintiff alleges that it seeks monetary relief aggregating more than $50,000, excluding costs and prejudgment interest.  For cause of action Plaintiff would show unto the Court as follows:

### I.
### Parties

A.     Plaintiff, **ARCHITECTURAL SERVICES INTERNATIONAL, INC.,** is a Texas Corporation.

B.     Defendant, **TEXAS REIT, LLC**, is a Texas corporation doing business in Harris County, Texas, and has been served with process by serving its registered agent, Legal Registered Agent Services, Inc.  Despite appropriate service, no answer has been filed, to date, by Defendant.

### II.
### Jurisdiction and Venue

This court has jurisdiction over the parties and venue is appropriate in Harris County, Texas because Defendant entered into a contract with Plaintiff in that county and Defendant's primary place of business is in Harris County, Texas.

Certified Document Number: 77166877 - Page 1 of 4

## III.
## Factual Background

This is a suit on a Promissory Note. On or about May 2, 2008, Defendant, TEXAS REIT, LLC, executed and delivered to Plaintiff their promissory note in the amount of $1,500,000.00 ("Note") to ASI. See copy of Note attached as Exhibit A. The Note included a provision for interest at eight percent (8%) per annum.

On or about July 11, 2011, the Plaintiff and Defendant executed a Modification Agreement ("Modification") for the payment of principle of $1,500,000.00 and interest at eight percent (8%). See a certified copy of the Modification attached as Exhibit B. According to the terms of the Modification, Defendant was required to make monthly accrued interest payments through May of 2013 with the entire balance of the Note due and payable on May 28, 2013. Exh. B. However, after signing the Modification, TEXAS REIT, LLC failed to make the monthly payments. Therefore, as of May 28, 2013, the balance of principle and interest due was $1,752,998.10. TEXAS REIT, LLC failed to pay that balance on or before May 28, 2013.

Beginning on July 25, 2013 through December 1, 2016, TEXAS REIT, LLC made twenty-one (21) payments of $18,000 at unequal intervals. During that time and through the present date, the Modification provided for interest at the lesser rate of 18% or the maximum rate allowed by law. Therefore, after applying an 18% per annum interest rate on the balance and making all credits for the payments made, TEXAS REIT, LLC is still in debt to Plaintiff for the principle of $1,500,000 and interest of $1,553,387.65 as of the date of filing of this amended petition.

Defendant has been served with a notice and demand letter from Plaintiff which gave TEXAS REIT, LLC thirty (30) days to tender payment for a lesser amount to satisfy the debt in full. See the letter attached as Exhibit C. TEXAS REIT, LLC failed to make payment and ASI was forced to file this lawsuit.

The Note and Modification Agreement made the basis of this lawsuit and attached hereto as Exhibits A and B, respectively, are incorporated in this petition by reference. Plaintiff has fully complied with the terms of the Note.

Certified Document Number: 77166877 - Page 2 of 4

## IV.
## Breach of Contract

**A.     Default**

Defendant has defaulted in payment of the Note and debt described therein. After contractual interest is applied in accordance with the Modification (Exh. B) and all credits for payments made are deducted, there is currently due the principle sum of $1,500,000.00 and interest due in the sum of $1,553,387.65 as of the date of this petition. Additionally, as provided for in the Note, interest is still accruing on all matured, unpaid amounts.

**B.     Conditions Precedent**

All conditions precedent have been performed or have occurred.

## V.
## Attorney's Fees

Plaintiff is entitled to recover reasonable and necessary attorney fees under Chapter 38 of the Texas Civil Practice & Remedies Code because this suit is for breach of a written contract. Plaintiff presented its demand to Defendant (see Exh. C) and Defendant has failed to tender the amount owed. Defendant's default has made it necessary for Plaintiff to file this lawsuit and incur attorney's fees for representation herein for which Plaintiff now brings suit.

## VI.
## Collection of Debt

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

## VII.
## Damages

A.     Actual damages in the form of contractual principle of $1,500,000.00 in accordance with the Modification (Exh. B);

B.     Pre-judgment interest at the rate of 18% as provided in the Modification (Exh. B) and as allowed by law totaling $1,553,387.65, to date;

C.     Post-judgment interest as provided in the Modification (Exh. B) and as allowed by law;

D.     Reasonable attorney's fees;

E.     Costs of court; and

F.     All other relief to which Plaintiff is entitled.

Certified Document Number: 77166877 - Page 3 of 4

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer and that upon final hearing, Plaintiff recover judgment against Defendant for the damages as they may appear at trial hereof, together with prejudgment and post-judgment interest, costs of court, and such other relief to which Plaintiff may be entitled.

Respectfully submitted,
**LAW OFFICES OF DAVID L. THORNTON**

By: _____

DAVID L. THORNTON
TBN: 19976900
Email: david@thorntonlawfirm.com
D. MICHAEL HENDERSON, JR.
TBN: 00792576
Email: mike@thorntonlawfirm.com
Attorneys for Plaintiff
699 S. Friendswood Dr.,
Suite 105
Friendswood, Texas 77546
Phone: (281) 482-1800
Fax: (281) 482-1852



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 3, 2024

Certified Document Number:        77166877 Total Pages:  4

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/5/2017 8:23 PM
Chris Daniel - District Clerk Harris County
Envelope No. 21105211
By: VERONICA GONZALEZ
Filed: 12/5/2017 8:23 PM

## CAUSE NO. 2017-35320

| | | |
|---|---|---|
| ARCHITECTURAL SERVICES INTERNATIONAL, INC. | § § § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § § | |
| V. | § § | HARRIS COUNTY,   T E X A S |
| TEXAS REIT, LLC | § § | |
| **Defendants.** | § | 151ST  DISTRICT  COURT |

## DEFENDANT'S ORIGINAL ANSWER

NOW COMES, DEFENDANT, TEXAS REIT, LLC, and generally denies each and every, all and singular, of the material allegations set forth in Plaintiff's Original Petition, and demands strict proof thereof by a preponderance of the credible evidence, or where applicable, by such higher standard of proof, as required by the Constitution and the laws of the State of Texas.

## PRAYER

For these reasons, Defendant, asks the Court to require Plaintiff to prove its claim, to assess costs against Plaintiff, and award all other relief to which Defendant is entitled.

By: /s/ Paul Simon       

       Paul Simon

       State Bar No. 24003276

1001 West Loop, Suite 700

Houston, Texas 77027

713.789.7654 (main)

832.280.5884 (fax)

paul.simon@jetallcompanies.com

**ATTORNEY FOR DEFENDANT**



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 3, 2024

Certified Document Number:        77683216 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

5/31/2018 1:27 PM
Chris Daniel - District Clerk Harris County
Envelope No. 24968590
By: Jacob Blessing
Filed: 5/31/2018 1:27 PM

CAUSE NO. 2017-35320

| | | |
|---|---|---|
| ARCHITECTUAL SERVICES INTERNATIONAL, INC. | § § § | IN THE DISTRICT COURT |
| **Plaintiff,** | § § | |
| V. | § § | OF HARRIS COUNTY, TEXAS |
| TEXAS REIT, LLC DEFENDANT/CROSS-PLAINTIFF | § § § | |
| V. | § § | |
| WCW HOUSTON PROPERTIES, LLC STEPHEN WU, THE WU FAMILY TRUST, RODEXKIA HOLDING, LLC, LIEM DANG, WU PROPERTY MANAGEMENT, INC., PORTER & POWERS, PLLC, TODD A. CARLSON, BRAD E. PORTER, INDIVIDUALLY, AND DAVID L. SMITHERMAN, M. KEVIN POWERS AND BRAD E. PORTER, AS SUBSTITUTE TRUSTEES, | § § § § § § § § § § § § § | |
| **CROSS-DEFENDANTS** | § | 151ST JUDICIAL DISTRICT |

CROSS-PLAINTIFF'S ORIGINAL PETITION, AND
VERIFIED APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND FOR TEMPORARY AND PERMANENT INJUNCTIONS

Cross-Plaintiff, Texas REIT, LLC ("TRL"), files this Cross-Petition, Verified Application

for Temporary Restraining Order and for Temporary and Permanent Injunctions, and Request for

Disclosure, against Cross-Defendants, WCW Houston Properties, LLC ("WCW"), Stephen Wu,

The Wu Family Trust, Rodexkia Holding, LLC, Liem Dang, Wu Property Management, Porter &

Powers, LLC, Todd A. Carlson, Brad E. Porter, individually and, solely in their capacities as

Certified Document Number: 80159394 - Page 1 of 11

substitute trustees, Cross-Defendants, David L. Smitherman, M. Kevin Powers and Brad E. Porter,[1] and in support, would show the Court the following:

## I.     RELIEF REQUESTED

1.     Cross-Plaintiff seeks to enjoin Cross-Defendants from selling two tracts of property generally located at 8050 to 8098 Westheimer Road, Houston, Harris County, Texas 77063, (the "Property"), at a foreclosure sale set for Tuesday, June 5, 2018, because WCW has: failed to give proper notice; failed to give proper offsets; breached the parties agreement; and committed fraud.

2.     WCW committed these actions in the hopes of improperly profiting from the Property's considerable equity by posting it for foreclosure and then credit-bidding its purchase at that sale.

## II.     DISCOVERY PLAN

3.     Plaintiff intends to conduct discovery under the Level 3 Discovery Plan of Texas Rule of Civil Procedure 190.3.

## III.     PARTIES AND SERVICE

4.     Cross-Plaintiff, Texas REIT, LLC is a Texas limited liability company with its principal place of business in Harris County, Texas.

5.     Cross-Defendant, WCW is a Texas limited liability company and may be served by and through its registered agent, Porter & Powers, PLLC, 5900 Memorial Drive, Suite 305, Houston, Texas 77007, or 1776 Yorktown, Suite 300, Houston, Texas 77056.

6.     Stephen Wu is an individual residing in Harris County, Texas and may be served at his residence address of 6100 Corporate Drive, Suite 288, Houston, Texas 77036, or wherever he may be found.

---

[1]     The trustees are added to invoke this Court's jurisdiction to enjoin them from selling the Property.

Certified Document Number: 80159394 - Page 2 of 11

7.      The Wu Family Trust is a Texas trust which may be served through its trustee, at 6100 Corporate Drive, Suite 288, Houston, Texas 77036.

8.      Rodexkia Holding, LLC is a Texas limited liability company and may be served by and through its registered agent, Porter & Powers, PLLC, 1776 Yorktown, Suite 300, Houston, Texas 77056.

9.      Liem Dang is an individual residing in Harris County, Texas and may be served at his residence address of 9518 Shadow Gate Lane, Houston, Texas 77040, or 12943 Memorial Drive, Houston, Texas 77079, or wherever he may be found.

10.     Wu Property Management, Inc. is a California corporation and may be served by and through its registered agent at 6100 Corporate Drive, Suite 288, Houston, Texas 77036.

11.     Porter & Powers, PLLC is a Texas limited liability company and may be served by and through its registered agent, Porter Real Estate Law, PLLC, 5900 Memorial Drive, Suite 305, Houston, Texas 77007 or 1776 Yorktown, Suite 300, Houston, Texas 77056.

12.     Todd A. Carlson is an individual with his regular place of business in Harris County, Texas and may be served at his business address at 3773 Richmond Avenue, Suite 800, Houston, Texas 77046, or wherever he may be found.

13.     Cross-Defendant, Brad E. Porter, individually, is an individual with his regular place of business in Harris County, Texas and may be served at his law office at Porter & Powers, PLLC, 1776 Yorktown, Suite 300, Houston, Texas 77056, or wherever he may be found.

14.     Cross-Defendant, David L. Smitherman, as substitute trustee, is an individual with his regular place of business in Harris County, Texas and may be served at his law office at Porter & Powers, PLLC, 1776 Yorktown, Suite 300, Houston, Texas 77056, or wherever he may be found.

Certified Document Number: 80159394 - Page 3 of 11

*Plaintiff's Original Petition*                                          *Page 11 of 11*

15.     Cross-Defendant, M. Kevin Powers, as substitute trustee, is an individual with his regular place of business in Harris County, Texas and may be served at his law office at Porter & Powers, PLLC, 1776 Yorktown, Suite 300, Houston, Texas 77056, or wherever he may be found.

16.     Cross-Defendant, Brad E. Porter, as substitute trustee, is an individual with his regular place of business in Harris County, Texas and may be served at his law office at Porter & Powers, PLLC, 1776 Yorktown, Suite 300, Houston, Texas 77056, or wherever he may be found.

## IV.     JURISDICTION AND VENUE

17.     The subject matter in controversy is within the jurisdiction of this Court.

18.     This Court has personal jurisdiction over WCW because it is a Texas limited liability company with its principal place of business in Harris County, Texas.

19.     This Court has personal jurisdiction over each of the Trustees because each is a resident of the State of Texas.

20.     Venue in Harris County, Texas, is proper because all, or a substantial part, of the acts or omissions giving rise to this lawsuit occurred within Harris County, Texas. *See* Tex. Civ. Prac. & Rem. Code § 15.002. Venue is also proper in Harris County, Texas, because the Property which is the subject of this lawsuit is located within Harris County, Texas. *See* Tex. Civ. Prac. & Rem. Code § 15.011.

## V.     RULE 47 STATEMENT

21.     Cross-Plaintiff seeks monetary damages in excess of $1,000,000 and non-monetary relief.

## VI.     SUPPORTING EVIDENCE

22.     This verified petition is supported by the following evidence, attached hereto and incorporated herein by reference:  Exhibit A.

Certified Document Number: 80159394 - Page 4 of 11

## VII. FACTUAL BASES OF CLAIMS

23.     Plaintiff Architectural Services International, Inc. sued Defendant/Cross-Defendant TRL in regards to a loan. Defendant TRL countersues for offset, breach of contract and fraud.

24.     TRL is the title owner of the Property and the Borrower on a loan from Architectural Services International, Inc. ("ASI") in the original amount of One Million Five Hundred Thousand and no/100 Dollars ($1,500,000.00), as evidenced by a promissory note dated May 2, 2008 (the "Note"). The Note is secured by a Deed of Trust dated April 2, 2008 which establishes a second lien on the Property, subject to the first lien held by International Bank of Commerce. WCW is the assignee of ASI, and stands in its shoes as holder of the Note and beneficiary of the Deed of Trust.

25.     Defendant/Cross-Plaintiff TRL would show that WCW failed to give Defendant/Cross-Plaintiff all offsets and credits and improperly calculated Defendant/Cross-Plaintiff's indebtedness. Additionally, Cross-Defendants Steven Wu, Brad E. Porter, Liem Dang and others conspired against Plaintiff to rob it of the equity in the Property by making false offers to buy the Property to obtain confidential and proprietary information of Cross-Plaintiff and then use that information to undercut Cross-Plaintiff by buying the second lien position.

26.     Unless the Court grants immediate relief, Cross-Plaintiff will be permanently and irreparably harmed for which no adequate remedy of damages will lie.

## VIII. CAUSES OF ACTION

### A. Breach of Contract

27.     Defendant/Cross-Plaintiff would show that WCW, as assignee of ASI, failed to give Cross-Plaintiff adequate notice of default and foreclosure as required by the Deed of Trust.

Certified Document Number: 80159394 - Page 5 of 11

28.     Additionally, ASI owed substantial offsets to Cross-Plaintiff which were due and owing and contributed to any breach of the contract by Plaintiff.

**Fraud In A Real Estate Transaction**

29.     Cross-Plaintiff would show that one or more of Cross-Defendants made a false representation of past or existing material fact; the false representation or promise was made in order to induce Cross-Plaintiff to enter into a contract; Cross-Plaintiff relied on the false representation or promise and entered into the transaction; and the reliance caused Cross-Plaintiff injury. Accordingly, Cross-Plaintiff seeks to recover its damages in an amount within the jurisdictional limits of this Court for Fraud in a Real Estate Transaction.

**Conspiracy**

30.     Cross-Plaintiff would show that one or more of the Cross-Defendants had an object to be accomplished and a meeting of the minds on the object or course of action and committed one or more unlawful, overt acts. Cross-Plaintiff has sustained damages as a proximate result and seeks to recover its damages in an amount within the jurisdictional limits of this Court.

**Estoppel**

31.     Additionally and in the alternative, Cross-Defendants are estopped from foreclosing on Cross-Plaintiff's property as ASI made an offer to Cross-Plaintiff to continue to participate in the deal and Cross-Plaintiff acted in reliance on that offer, changing its position.

**Request for Proper Determination of Amount of Debt**

32.     Cross-Plaintiff would show that it has a contractual relationship with one or more of the Cross-Defendants and the facts and accounts presented are so complex adequate relief may not be obtained at law. Accordingly, Cross-Plaintiff seeks an accurate account of all offsets and debts.

Certified Document Number: 80159394 - Page 6 of 11

## IX.    DAMAGES

33.    Cross-Plaintiff has sustained damages from WCW's actions within the jurisdictional limits of this Court, for which it pleads.

## X.    ATTORNEY'S FEES

34.    Cross-Plaintiff is entitled to recover reasonable and necessary attorney's fees under the provisions of Chapter 38 of the Texas Civil Practice & Remedies Code.

## XI.    REQUEST FOR INJUNCTIVE RELIEF

35.    In light of the above, Cross-Plaintiff seeks recovery from WCW for the actual damages it caused and injunctive relief as set forward below.

36.    Cross-Plaintiff is likely to succeed on the merits of this lawsuit because evidence exists in support of the causes of action herein pled.  Cross-Plaintiff is not required to show that it will prevail at trial, only that it has some evidence of its claims which tend to support its causes of action and that it will suffer immediate and irreparable injury if this Court does not immediately enjoin Cross-Defendants as requested herein. *See State v. Southwestern Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex. 1975). That burden has been carried in this application for injunctive relief.

37.    Unless this Court immediately enjoins Cross-Defendants, Cross-Plaintiff will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give Plaintiff complete, final and equal relief. More specifically, Cross-Plaintiff will show the Court the following:

    a.    The harm is imminent because a foreclosure sale is scheduled for Tuesday, June 5, 2018, between 10:00 a.m. and 1:00 p.m.;

    b.    This imminent harm will cause irreparable injury, including the loss of an interest in the Property and the resulting fall-out, which very well could destroy a business; and

*Plaintiff's Original Petition*                                                      *Page 11 of 11*

Certified Document Number: 80159394 - Page 8 of 11

c.   There is no adequate remedy at law which will give complete, final and equitable relief because real property is unique and a loss of an interest in the Property cannot be remedied at law.

## XII.   REQUEST FOR EX PARTE HEARING

38.   Cross-Plaintiff would show that an *ex parte* hearing is proper as there is insufficient time for a hearing on this application for injunctive relief before the Property is scheduled to be sold at a foreclosure sale set for Tuesday, June 5, 2018.

39.   Cross-Plaintiff is willing and able to post a reasonable temporary restraining order bond and request the Court to set such bond. Any such bond should be minimal for the following reasons. First, the granting of Cross-Plaintiff's request for temporary injunctive relief only delays the Property's foreclosure by one month, unless a temporary injunction issues, in which case, the trial court can reassess the sufficiency of the bond. Second, on information and belief, the Property has at least some equity, and a good-faith foreclosure sale should result in more than enough proceeds to satisfy the obligations owed to WCW. On the other hand, the consequences of allowing the foreclosure sale to proceed will cause immediate and irreparable injury, as stated above.

40.   Accordingly, Cross-Plaintiff prays the Court to set bond at a minimal amount as WCW is sufficiently protected and suffers no real and legitimate loss if the granting of the temporary restraining order is later found to be in error.

## XIII.   REMEDY

41.   Cross-Plaintiff has met its burden by establishing such element which must be present before injunctive relief can be granted by this court, and therefore Plaintiff is entitled to the requested temporary restraining order.

42.   Cross-Plaintiff requests the court to restrain Cross-Defendants from selling or transferring the Property at foreclosure sale on June 5, 2018, and from taking any other action with

regard to any foreclosure of the Property, until such time as there can be a hearing on Plaintiff's application for a temporary injunction.

43.    It is essential that the Court immediately and temporarily restrain Cross-Defendants from selling or transferring the Property at foreclosure sale on June 5, 2018. It is essential that the Court act immediately, prior to giving notice to Cross-Defendants and a hearing on the matter, because there is insufficient time to conduct such a hearing before the threatened foreclosure sale on Tuesday, June 5, 2018.

44.    To preserve the status quo during the pendency of this action, Cross-Plaintiff requests that Cross-Defendants, and their officers, agents, servants, employees and attorneys, be temporarily enjoined from selling or transferring the Property at foreclosure sale on June 5, 2018.

## XIV.    REQUESTS FOR DISCLOSURE

45.    Pursuant to Rule of Civil Procedure 194, Cross-Plaintiff requests that WCW disclose the information or material described in Rule 194.2.

## XV.    CONCLUSION & PRAYER

Based on the foregoing, Cross-Plaintiff respectfully prays that:

a.    Cross-Defendants be cited to appear and answer herein;

b.    A temporary restraining order issue, without notice to Cross-Defendants, WCW Houston Properties, LLC, David L. Smitherman, M. Kevin Powers and Brad E. Porter, as substitute trustees, enjoining and restraining Defendants and Defendants' officers, agents, servants, employees and attorneys from directly or indirectly selling or transferring the Property located at 8098 Westheimer Road, Houston, Harris County, Texas 77063 at foreclosure sale on June 5, 2018;

Certified Document Number: 80159394 - Page 9 of 11

c.   A temporary restraining order issue, without notice to Cross-Defendants, WCW Houston Properties, LLC, David L. Smitherman, M. Kevin Powers and Brad E. Porter, as substitute trustees, enjoining and restraining Cross-Defendants and Cross-Defendants' officers, agents, servants, employees and attorneys from further posting for foreclosure the Property located at 8098 Westheimer Road, Houston, Harris County, Texas 77063, without a subsequent order from this Court specifically authorizing any such foreclosure sale;

d.   The Court set a reasonable bond for the temporary restraining order;

e.   After notice and hearing, a temporary injunction issue enjoining and restraining Cross-Defendants, WCW Houston Properties, LLC, David L. Smitherman, M. Kevin Powers and Brad E. Porter, as substitute trustees, enjoining and restraining Cross-Defendants and Cross-Defendants' officers, agents, servants, employees and attorneys from posting for foreclosure or directly or indirectly selling or transferring the Property located at 8098 Westheimer Road, Houston, Harris County, Texas 77063, during the pendency of this lawsuit;

f.   After trial, a permanent injunction issue enjoining and restraining Cross-Defendants, WCW Houston Properties, LLC, David L. Smitherman, M. Kevin Powers and Brad E. Porter, as substitute trustees, enjoining and restraining Cross-Defendants and Cross-Defendants' officers, agents, servants, employees and attorneys from posting for foreclosure or directly or indirectly selling or transferring the Property located at 8098 Westheimer Road, Houston, Harris County, Texas 77063, without first obtaining an order from a court of competent jurisdiction authorizing such foreclosure or posting for foreclosure;

g.   Cross-Plaintiff be awarded actual damages;

h.   Cross-Plaintiff be granted an accounting;

i.   Cross-Plaintiff be awarded pre-judgment and post-judgment interest;

j.   Cross-Plaintiff be awarded costs of court;

k.   Cross-Plaintiff be awarded attorney fees; and

l.   Judgment for damages and other relief requested above and for such other and further relief, at law or in equity, to which Cross-Plaintiff may be justly entitled.

Respectfully submitted,

The Vilandos Firm, P.C.

By:   /s/ Marilyn Vilandos
      Marilyn Vilandos
      State Bar. No. 24034689
7660 Woodway, Suite 304
Houston, Texas 77063
713.255.9990 Telephone
713.255.9992 Facsimile
marilyn@vilandoslaw.com

**ATTORNEY FOR CROSS-PLAINTIFF,
TEXAS REIT, LLC "TRL"**

*Plaintiff's Original Petition*          *Page 11 of 11*



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   July 3, 2024

Certified Document Number:      80159394 Total Pages: 11

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

5/31/2018 2:23 PM
Chris Daniel - District Clerk Harris County
Envelope No. 24972050
By: VERONICA GONZALEZ
Filed: 5/31/2018 2:23 PM

**CAUSE NO. 2017-35320**

| | | |
|---|---|---|
| WCW HOUSTON PROPERTIES, LLC | § | IN THE DISTRICT COURT OF |
| (as assigned from ARCHITECTURAL | § | |
| SERVICES INTERNATIONAL, INC.) | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEXAS REIT, LLC | § | |
| | § | |
| *Defendants.* | § | 151ST JUDICIAL DISTRICT |

**PLAINTIFF'S SECOND AMENDED PETITION**

COMES NOW, Plaintiff, **WCW HOUSTON PROPERTIES, LLC**, a Texas limited liability company ("**Plaintiff**"), as assigned from **ARCHITECTURAL SERVICES INTERNATIONAL, INC.**, a Texas corporation ("**ASI**"), complaining of **TEXAS REIT, LLC**, a Texas limited liability company ("**Defendant**"), and files this Second Amended Petition.

**I. DISCOVERY LEVEL AND RULE 47 STATEMENT**

1.      Plaintiff respectfully requests that discovery be conducted in accordance with Discovery Level 2 under Tex. R. Civ. P. 190.3.

2.      Pursuant to TEX. R. CIV. P. 47, Plaintiff seeks monetary relief in an amount exceeding $1,000,000.00 and non-monetary relief.

**II. PARTIES**

3.      Plaintiff is a Texas limited liability company doing business in Harris County, Texas.  Plaintiff may be served with any pleading or paper through the undersigned counsel.

4.      Defendant is a Texas limited liability company doing business in Harris County, Texas.  Defendant has been served with process, has filed its original answer, and may be served

1

with any pleading or paper through its counsel: Paul Simon, 1001 West Loop South, Suite 700, Houston, Texas 77027.

### III. JURISDICTION AND VENUE

5.      Venue is proper in Harris County, Texas, pursuant to Chapter 15 of the Texas Civil Practice & Remedies Code as: (i) this suit is brought in the county in which all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred; (ii) this is a suit relating to an interest in real property located in Harris County, Texas; and (iii) Defendant's principal place of business is in Harris County, Texas.

6.      Jurisdiction is proper because Plaintiff's claims are within the minimal jurisdictional limits of the Court.

### IV. FACTUAL BACKGROUND

7.      On or about May 2, 2008, Defendant executed and delivered to ASI a Promissory Note in the original amount of $1,500,000.00 ("**Note**"). *See copy of Note attached hereto and made a part hereof as* **Exhibit "A"**. ASI did actually pay the $1,500,000.00 to Defendant in two (2) separate cashier's checks that were acknowledged as being received by Defendant. *Proof of payment is attached hereto and made a part hereof as* **Exhibit "B"**. The Note was secured by a Deed of Trust in favor of ASI recorded in the Real Property Records of Harris County, Texas under Clerk's File Number 20080287817 (the "**Deed of Trust**"). *See copy of the Deed of Trust attached hereto and made a part hereof as* **Exhibit "C"**. The Deed of Trust functioned as a lien against the real property owned by Defendant generally described as 8050-8098 Westheimer, Houston, Harris County, Texas 77063 (the "**Property**").

8.      On or about July 11, 2011, ASI and Defendant executed a Modification Agreement

Certified Document Number: 80183830 - Page 2 of 7

("**Modification**") for the payment of principle of $1,500,000.00 and interest at eight percent (8%). *See a certified copy of the Modification attached hereto and made a part hereof as* **Exhibit "D"**. According to the terms of the Modification, Defendant was required to make monthly accrued interest payments through May of 2013 with the entire balance due and payable on May 28, 2013. Defendant failed to comply with the payment provisions of the Modification; therefore, as of May 28, 2013, the balance of principle and interest due was $1,752,998.10. Defendant failed to pay that balance on or before May 28, 2013.

9.      Beginning on July 25, 2013 through December 1, 2016, Defendant paid ASI twenty-one (21) interest-only payments of $18,000 at unequal intervals. *See a copy of such payment history attached hereto and made a part hereof as* **Exhibit "E"**. During that time and through the present date, the Modification provided for interest at the lesser rate of 18% or the maximum rate allowed by law; therefore, after applying an 18% per annum interest rate on the balance and making all credits for the payments made, Defendant is still in debt to Plaintiff (as assigned from ASI) for the principle of $1,500,000 and interest of $2,155,070.37, as of the date of filing of this amended petition.

10.      ASI and Plaintiff have fully complied with the provisions of the Note, Modification, and Deed of Trust (together, the "**Loan Documents**"). Because Defendant failed to comply with the Loan Documents, and because Defendant failed to pay Plaintiff (as assigned from ASI) the monetary amounts owed under same, ASI originally filed this lawsuit, which is now being pursued by Plaintiff, and both ASI and Plaintiff have incurred substantial attorneys' fees pursuing same.

11.      By that certain Transfer of Note and Lien dated May 5, 2018 (the "**Note Transfer**") and filed in the Real Property Records of Harris County, Texas under Clerk's File Number RP-

Certified Document Number: 80183830 - Page 3 of 7

2018-205267, ASI transferred to Plaintiff all rights of ASI in and to the Loan Documents. *See a copy of such Note Transfer attached hereto and made a part hereof as* **Exhibit "F"**. Additionally, ASI assigned to Plaintiff all rights under this lawsuit. Plaintiff has sought to non-judicially foreclose and, in the alternative, hereby seeks to judicially foreclose on the Property because of Defendant's breach of the Loan Documents.

## V. CAUSES OF ACTION

### A. Breach of Contract

12.     Plaintiff incorporates the allegations of paragraphs 1 through 11 above, as if more fully set out herein.

13.     The Loan Documents function as a contract by and between Defendant and ASI.

14.     By that certain Note Transfer instrument, ASI assigned to Plaintiff all rights under the Loan Documents, so Plaintiff is a proper party to sue Defendant for a breach of contract.

15.     Plaintiff has performed, or was excused from performing, its contractual obligations.

16.     Defendant has failed, and continues to fail, to pay the outstanding amounts owed to Plaintiff under the Loan Documents, which has caused Plaintiff substantial injuries in the principle amount of $1,500,000 and interest of $2,155,070.37, as of the date of filing of this amended petition, with interest continuing to accrue as the Note and Modification has matured (together, the "**Monetary Damages**").

### B. Request for an Order of Foreclosure

17.     Plaintiff incorporates the allegations of paragraphs 1 through 11 above, as if more fully set out herein.

Certified Document Number: 80183830 - Page 4 of 7

18.     Plaintiff seeks an order of foreclosure from this Court to allow for the Property to be judicially foreclosed upon.

## Claim for Attorneys' Fees

19.     Plaintiff incorporates the allegations of paragraphs 1 through 11 above, as if more fully set out herein.

20.     Plaintiff seeks attorneys' fees in connection with Defendant's breach of the Loan Documents, to collect the Monetary Damages, as set out above, and to foreclose upon the Property (whether judicially or non-judicially).  Defendant's actions, as set forth herein, have required Plaintiff to retain the undersigned counsel.  Plaintiff is entitled to recover its reasonable attorneys' fees incurred in this matter pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code, pursuant to the terms of the Loan Documents, and pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code.  *See* TEX. CIV. PRAC. & REM. CODE, §§37.009, AND 38.001, ET SEQ. Plaintiff has had to expend significant amounts of attorneys' fees and costs related thereto for which it seeks recovery, along with all future attorney's fees and costs incurred enforcing Plaintiff's claims.

## Collection of Debt

21.     This is Plaintiff's attempt to collect a debt against Defendant.  Any information obtained will be used for that purpose.

## Conditions Precedent

22.     All conditions precedent to Plaintiff's recovery of the relief requested herein have occurred, been performed, or are waived given the exigent circumstances.

Certified Document Number: 80183830 - Page 6 of 7

## VI. RELIEF REQUESTED

WHEREFORE, based on the foregoing, Plaintiff, WCW HOUSTON PROPERTIES, LLC, a Texas limited liability company, as assigned from ARCHITECTURAL SERVICES INTERNATIONAL, INC., a Texas corporation, respectfully requests that: (1) Defendant TEXAS REIT, LLC, a Texas limited liability company, be cited to appear and answer; (2) that upon trial of this matter, the Court enter judgment in Plaintiff's favor for: (i) actual damages (both direct and consequential) against Defendant for breach of Loan Documents; (ii) an order from the court to foreclose on the Property; (iii) attorneys' fees and all costs incurred in this litigation by the Plaintiff; (iv) pre- and post-judgment interest as allowed by law; and (3) the Court award Plaintiff all other relief to which it is justly entitled, at law or in equity.

Respectfully submitted,

PORTER & POWERS, PLLC

By: *Brad E. Porter*

Brad E. Porter
State Bar No. 24048741
brad@porterpowers.com
M. Kevin Powers
State Bar No. 24041715
kevin@porterpowers.com
1776 Yorktown, Suite 300
Houston, Texas 77056
713-621-0700 (telephone)
713-621-0709 (facsimile)
**ATTORNEYS FOR PLAINTIFFS**

6

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served on the party listed in pursuant to Texas Rules of Civil Procedure 21 and 21a on May 31, 2018.

*Attorney for Defendant Texas REIT*
Paul Simon, Esq.                                    By Email: paul.simon@jetallcompanies.com
1001 West Loop South, Suite 700
Houston, Texas 77027


*Brad E. Porter*

Brad E. Porter



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 3, 2024

Certified Document Number:        80183830 Total Pages:  7

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**